GABRIEL FELDER v. THE STATE.

No. 3429.    Decided November 9, 1906.

1.—School Teacher—Fraud—Board of Examiners—Teachers Certificate—Statutes Construed—Caption.

Section 124a, of the Act of the Twenty-Ninth Legislature, is embraced in that portion of the caption of the said act, which among other subjects provides for board of examiners and the issuance of teachers' certificates; and which section makes it a penal offense for one who desires to procure a certificate to teach school, to fraudulently procure the questions prepared by the State superintendent of public instruction to be used by the board of examiners in the examination of teachers for certificates, and to use such questions fraudulently for the purpose of posting himself in answering the same.

2.—Same—County Superintendent—Exemptions.

Where the purpose of the act was to enable county superintendents of public instruction and boards of examiners to have possession of questions prepared by the superintendent of public instruction to be used by them in the examination of teachers, such act was not inoperative because it did not eliminate in terms these officials.

3.—Charge of Court—Terms Used in Statutes—Fraudulently.

Upon trial of defendant for fraudulently using certain questions prepared by the State superintendent of public instruction in defendant's examination for a teacher's certificate before -the county board of examiners, it was error in the court's charge not to require that the use of such questions must be fraudulent: as this is the term employed in the statute.

4.—Same—Insufficiency of Evidence—Case Stated.

Where upon trial for fraudulently using questions before the board of examiners to procure a teacher's certificate, the evidence did not show that any prepared questions by the superintendent of public instruction were seen with the defendant or in his possession, but that he was simply detected in copying answers from a writing, which was not believed to be in the defendant's handwriting, the same was not sufficient to sustain the conviction.

Appeal from the County Court of Leon. Tried below before the Hon. Jno. M. Chatham.

Appeal from a conviction for fraudulent use of questions before board of examiners of school teachers; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*B. D. Dashiel & A. G. Greenwood,* for appellant.—On question of the court's charge in failing to embrace the word "fraudulently," Sanders v. State, 38 Texas Crim. Rep., 345; Hayes v. State, 30 Texas Crim. App., 407.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was indicted under the Act of the Twenty-Ninth Legislature, section 124a, for fraudulently using certain questions prepared by the State superintendent of public instruction to be used by the county board of examiners in the examination of teachers for certificates.

Appellant contends that said section 124a is void, because the Caption of the act does not embrace the offense in question. We have examined the title of said act, which is titled, "Schools.—Providing for a complete system of public free schools in Texas." Then the caption of the act is quite lengthy, and among other things contains the following: "Providing for board of examiners and the issuance of teachers' certificates." The question is, does this part of the caption embrace the proposition making it a penal offense for one who desires to procure a certificate to teach school, to fraudulently procure the questions prepared by the State superintendent of public instruction to be used by the board of examiners in the examination of teachers for certificates, and to use such questions fraudulently for the purpose of posting himself in answering said questions. The act in question contains a number of sections with regard to the county board of examiners and teachers' certificates, regulating how the board of examiners shall proceed in the examination of teachers, in order to grant them certificates to teach in the public schools of the State. And then section 124a makes it a penal offense, among other things, for the applicant for a teacher's certificate, prior to an examination for such certificate, to procure or use the questions previously prepared by the State superintendent, and forwarded to the board of examiners to be used by them in the examination of such applicant. It occurs to us that under that portion of the caption above referred to, as well as other portions thereof, the Legislature was authorized to provide a method of procuring certificates by teachers from boards of examiners, and to make it a penal offense for any applicant for such certificate to procure beforehand the questions prepared by the superintendent of public instruction to be used by the board in such examination, and

to use the same fraudulently so as to be able to answer the questions.

Section 35 of article 3 of the Constitution, which relates to the Title and Caption of acts, has received a liberal construction by our courts. Axtell Ann. Const. pages 78–9, and authorities there cited. Floeck v. State, 34 Texas Crim. Rep., 314.

Nor do we believe that said penal statute is inoperative because it does not eliminate in terms county superintendents of public instruction and boards of examiners from having and using said questions prepared by the superintendent of public instruction. The very purpose of the act was to enable them to have possession of such questions before the examination, and, ex necessitate, they are eliminated from its penal provisions.

Appellant questions the charge of the court because of the failure of the judge to instruct the jury that appellant must have fraudulently used said questions before they could convict him. It occurs to us that this criticism is correct. The court used the term or word "unlawfully," and the statute requires that the use of such questions be "fraudulent."

The serious question is raised by appellant's fourth assignment of error to the effect that the evidence is not sufficient to support the verdict of the jury. We have examined the record in that respect carefully, and in our opinion the evidence does not meet the requirements of law with that degree of certainty which would authorize the jury to convict. The only testimony even tending to show that he had possession of said questions previously prepared by the superintendent, and that they were used to further his examination, is contained in the testimony of two witnesses, to wit: V. A. Bond testified that he was one of the board of examiners for teachers' certificates held in Centerville, on the 1st and 2nd days of September, 1905; that appellant was an applicant for a teachers' certificate at said examination; that about 3 or 4 o'clock in the afternoon of the first day of the examination, witness noticed defendant at his desk copying from one paper on to another; watched him about a half-hour; then went to his desk and saw that he was copying answers to the questions the board of examiners had propounded to the applicants for teachers' certificates. Witness took the paper appellant was copying from and examined it, and found it to be fairly good answers to the questions the board was then working on. Defendant was about half through copying the answers to the set of questions the board were then working on. Witness compared the answers appellant was copying with his handwriting, and in his opinion it was not the same handwriting. This witness stated that he received the questions used at the examination from the county judge of Leon County, on the morning of the first day of September, 1905; that when he went to defendant at his desk he asked him to let him see the other papers he had seen him with besides the one he had taken from him, but he refused. Witness Dove (another one of the examiners) also testified to practically the same effect. Now, the most that can be said of this testimony is that appellant was detected copy-

ing answers from a writing, which writing witnesses did not believe was the handwriting of appellant. No prepared questions were seen by him, and we are left simply to guess whether appellant had such questions in his possession. Appellant may have had such questions, and this may have been among the papers which he refused to show the board of examiners. As to that we are simply left to conjecture or suspicion.

There must be something more than this before a citizen can be convicted of an offense.

Because in our opinion the testimony is not sufficient to have authorized the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*