MOSE MADRID, TOM MAKER AND FRANK OSTROWSKI v. THE STATE.

No. 2550.   Decided October 15, 1913.

Rehearing denied December 10, 1913.

1.—Robbery—Election by State—Charge of Court—Same Transaction.

Where the indictment contained three counts, one for assault to murder, another for maiming, and a third for robbery, all of which grew out of the same transaction, and the court simply submitted a charge on robbery, this was an election by the State, and the contention that the court should have submitted the other two counts on account of the lower punishment is a matter of which defendant could not complain.

**2.—Same—Rule Stated—Carving.**

The State's counsel may carve as large an offense out of a single transaction as he can, but he must carve only once. Following Grisham v. State, 19 Texas Crim. App., 504, and other cases.

**3.—Same—Joint Offense—Charge of Court.**

Where the indictment charged defendant with two others, the contention that under the indictment that they must jointly have committed the offense is untenable, and a failure to submit· a charge in accordance with this contention was not error.

**4.—Same—Charge of Court—Joint Defendants—Principals.**

Where defendant is jointly indicted with two others for robbery, etc., the court did not err in instructing the jury that if defendant either alone or acting under such circumstances with one or both of his co-defendants or any other person as to constitute him a principal, etc., to convict him. Distinguishing Tooney v. State, 5 Texas Crim. App., 163. Of course, the rule would be different if the evidence had shown that defendant was an accomplice.

**5.—Same—Rule Stated—Charge of Court.**

Where the indictment charged each of three defendants with the commission of the offense, and charged no joint action on their part, and either could be convicted if the evidence showed his guilt as a principal in the offense, there was no error in the court's charge instructing the jury to find defendant guilty either if he acted alone or with others in the commission of the offense.

**6.—Same—Venue—Boundary—Charge of Court.**

Under article 238, Code Criminal Procedure, an offense committed on the boundary of any two counties or within four hundred yards thereof may be prosecuted and punished in either county, and where the evidence fixed the place where the offense was committed so as to be within four hundred yards of the boundary line, the venue was sufficiently proven, and it was not proper to have submitted this issue to the jury, and there was no error in the court's failure to do so.

**7.—Same—Charge of Court—Alibi—Identity of Defendant.**

Where, upon trial of robbery, the court submitted the question of alibi upon defendant's evidence that he could not have been present at the commission of the offense, and also defendant's requested charge on this subject and on the identity of the defendant, there was no error.

**8.—Same—Wilfully—Charge of Court—Words and Phrases.**

While the Code does not use the word, "wilful," in defining the offense of robbery, yet the offense itself is composed of such elements that the meaning of the word is necessarily included therein, and where the court defined the word "wilful" and required the jury to find that the act was wilfully done, this was a matter of which defendant could not complain.

**9.—Same—Sufficiency of the Evidence—Identity of Defendant.**

Where, upon trial of robbery, the prosecuting witness positively identified the defendant as the person who robbed him, and the evidence sustained the conviction, there was no reversible error on this ground.

**10.—Same—Newly Discovered Evidence—Want of Diligence.**

In the absence of a bill of exceptions, the evidence with reference to newly discovered evidence on a motion for new trial can not be considered on appeal, but even if the evidence were before this court, it did not disclose that diligence to secure such testimony before the trial that the law requires before a new trial will be granted on the ground of newly discovered evidence.

**11.—Same—Rule Stated—Newly Discovered Evidence.**

    The evidence must, in fact, be newly discovered and such as could not by a reasonable exercise of diligence have been discovered in time for the trial, must be probably true and of such a nature that it would produce a different result.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of robbery; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*C. Nugent* and *B. E. Cook* and *W. F. Ramsey,* for appellant.—On question of court's failure to charge on joint offense: Bennett v. State, 43 Texas Crim. Rep., 241; Bowen v. State, 47 id., 137; Deaner v. State, 58 id., 624; Kittle v. State, 35 id., 96; Sanders v. State, 38 id., 343; Spillman v. State, 38 id., 607; Day v. State, 62 id., 413; Tracy v. State, 27 Texas Crim. App., 496; Kelly v. State, 27 id., 562; Edwards v. State, 151 S. W. Rep., 294; Black v. State, 65 Texas Crim. Rep., 116, 145 S. W. Rep., 944; Reagan v. State, 157 S. W. Rep., 483; Tooney v. State, 5 Texas Crim. App., 163; Sharp v. State, 5 id., 486; Lott v. State, 17 id., 598; Jones v. State, 22 id., 680; Bradford v. State, 25 id., 723; Surrell v. State, 29 id., 321; Whitcomb v. State, 30 id., 270; Otero v. State, 30 id., 450; Gold v. State, 6 id., 121; Randell v. State, 12 id., 250; Askey v. State, 15 id., 558; Bachus v. State, 18 id., 15; Bravo v. State, 20 id., 188; Arcia v. State, 28 id., 198.

On question of newly discovered evidence: Spencer v. State, 153 S. W. Rep., 858; Green v. State, 147 S. W. Rep., 593; Bell v. State, 1 Texas Crim. App., 598; West v. State, 30 Texas Crim. App., 209; Potts v. State, 26 id., 663; Lincecum v. State, 15 S. W. Rep., 818; Clark v. State, 29 Texas Crim. App., 477; Sebastian v. State, 39 S. W. Rep., 680.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—On the 4th day of February, 1913, the appellants were indicted by the grand jury of Erath County. The indictment contains three counts, the first charging them with assault to murder one J. D. Roasewell; the second charging them with maiming him by cutting off his ears, and the third charging them with robbing the said Roasewell. It may be said the evidence offered in behalf of the State would support either and all the above counts. However, the court only submitted the third count in the indictment, and appellants insist that as the evidence, if it would support the third count, would also support the other two counts, the court should in his charge have submitted all three of the counts; that if the court had done so the jury might have found appellants guilty of either assault to murder or maiming, and as

the punishment for either of these two latter offenses is less than that affixed to the offense of robbery, appellants were materially injured by the court only submitting the graver offense for their consideration. While it is true that under the indictment in this case and the evidence adduced thereunder the appellants could have been convicted of either assault to murder, maiming or robbery, yet as it was all one transaction they could not be convicted of all three offenses, nor any two of them, and it has always been held that when the elements entering into a transaction would constitute two or more offenses, the State has the right to elect which one of the offenses for which it will seek a conviction. By the court only submitting robbery, appellants suffered no injury of which they will be heard to complain. Under the charge of the court if the jury had not believed, beyond a reasonable doubt, that appellants were guilty of robbery as charged in the third count, they would have been compelled to acquit appellants, even though they had believed them guilty of either maiming or assault to murder. This is a matter of which the appellants can not be heard to complain, as the State has the right to elect and ask a conviction for the most grave offense which the evidence will support. Branch, in his Criminal Law, correctly states the rule to be: "He (State's counsel) may carve as large an offense out of a single transaction as he can, but he must cut only once," citing Gresham v. State, 19 Texas Crim. App., 504; Paschal v. State, 49 Texas Crim. Rep., 111; Taylor v. State, 50 Texas Crim. Rep., 288; DeLeon v. State, 55 Texas Crim. Rep., 39; Herera v. State, 35 Texas Crim. Rep., 607.

The indictment charges that "Mose Madrid, Tom Maker and Frank Ostrowski did.unlawfully and wilfully make an assault." Under this indictment appellants contend that they must *jointly* have committed the offense, and if either one was entitled to acquittal, then all should have been acquitted, and the court erred in not so instructing the jury. This is not the law, for under an indictment charging that all three persons committed the offense, in the language contained in this indictment, if the evidence should show the guilt of only one, the jury would be authorized to so find and acquit the other two, and the court did not err in so instructing the jury.

Neither did the court err in instructing the jury that if "Mose Madrid, either alone, or acting under such circumstances with Tom Maker and Frank Ostrowski or any other person as to constitute him a principal, did then and there unlawfully," etc., commit the offense, he should be convicted, and in thus applying the law to each of the other two defendants. The case of Tooney v. State, 5 Texas Crim. App., 163, and others, cited by appellants correctly announces the law to be that it is error to submit to the jury an issue not presented in the indictment, but such rule of law has no application to this case. The court presented no issue not presented in the indictment. The issue submitted as to each of the appellants was, did he, acting alone or acting in connection with some other person, under such circumstances as to constitute him a principal,

commit the offense of robbery as charged in the indictment? If an indictment should charge that A alone committed the offense of robbery, and the evidence should conclusively show that B in fact committed the offense, yet it also should show that A was at the time keeping watch and otherwise aiding or abetting B in the commission of the offense under such circumstances as in law would constitute him a principal, the court would be authorized, and it would be his duty to so instruct the jury. Appellants' able attorneys evidently had in mind the rule that if one is charged with having committed an offense, and the evidence should develop that instead of being a principal offender he was only an accomplice, he could not be convicted under the indictment. But such is not the rule when the evidence should show that the person on trial did not in fact strike the fatal blow in a murder case, or in robbery, take the money off the person, if the evidence would make him a principal in the commission of an offense. The contention of appellants "that a charge is erroneous which warrants a jury to convict on proof of acts not alleged in the indictment," is sound, but the error fallen into is that because the indictment charges that "Mose Madrid, Tom Maker and Frank Ostrowski did unlawfully and wilfully make an assault," etc., it is necessary that the proof show that all three jointly committed the offense. The indictment charged each of them with the commission of the offense, and charged no *joint* action on their part, and either could be convicted if the evidence showed his guilt, even though it should have been developed that some person not named in the indictment in fact took the money from Roasewell, if it was also shown that the person or persons named in the indictment committed such acts as constituted them a principal under the provisions of our Code.

The proof conclusively shows that the offense was committed in the town of Thurber, near the line of Palo Pinto and Erath Counties. Mr. Roasewell's ear was cut off; his clothing and money taken off him, and he was cut in several places. The point where the ear was found, parts of clothing and blood was about fifty feet from the county line within Erath County. Mr. Roasewell did not know where the county line was situate, but he stated circumstances and facts which showed the occurrence to have taken place near the county line. Article 238 of the Code of Criminal Procedure provides that an offense committed on the boundary of any two counties, or within four hundred yards thereof may be prosecuted and punished in either county. This article was evidently passed to meet just such contingencies as are here presented. The testimony not definitely fixing the place where the offense was committed on either side of the county line, but fixing it so near as to be certainly within four hundred yards of the line, it was not necessary nor would it have been proper for the court to have submitted that issue to the jury. The indictment was returned by the grand jury in Erath County; the offense was alleged to have been committed in that county, and the evidence showing that if it did not actually occur in that county, yet it did occur within a short distance of the county line, the court

properly refused the special charge instructing the jury that if they did not find that the offense was committed in Erath County to acquit.

Mr. Roasewell, on the trial of this case, positively identified appellants as the persons who assaulted, maimed and robbed him. In addition to the plea of not guilty, appellants introduced evidence to show their whereabouts, and that they were not and could not have been the offenders. The court gave a charge on alibi, which has been frequently approved by this court. (Branch's Crim. Law, sec. 3, and cases ·cited.) In addition thereto the court gave the following special charge at the request of appellants: "Although you may believe beyond a reasonable doubt that defendants were present at the place or near the place where the alleged assault was committed, yet if you further find from the evidence, if any, that there is a mistake as to the personal identity of the defendants as being the parties who committed the offense, or if you have a reasonable doubt as to they being the parties who committed the offense, taking into consideration all of the facts and circumstances offered in evidence before you both by State and defendants, you should acquit defendants, and this you should do although the offense was actually committed." Under such circumstances it was not necessary to give the other special charges requested on this issue.

The indictment in this case charged the appellants with having *wilfully* committed the robbery. The court in his charge defined the word "wilful" stating "The word 'wilfully' as used in this charge means that the act must have been done with evil intent and legal malice and without reasonable grounds for believing it to have been lawful and without legal justification" and then required the jury to find that the robbery was unlawful and "wilfully" committed. Appellants assign this as error, claiming that the Penal Code does not require the offense of robbery to be wilfully done. While in defining robbery the Code does not use the word "wilful," yet the offense itself is composed of such elements that the meaning of the word is necessarily included therein. However, if this were not true, the court in defining the word "wilful" and requiring the jury to find that the act was wilfully done, as legally defined, would have been adding a burden to the proof necessary to be made by the State, and it would not be an error of which appellant could complain.

The prosecuting witness positively identified appellants as the persons who robbed him. The jury evidently believed him, and we, at this distance, can not say he is unworthy of belief. No evidence was admitted over the objection of appellants; none that they offered excluded, and under such circumstances we feel impelled to hold that there is no merit in that ground in the motion setting up the insufficiency of the testimony.

This disposes of all the grounds in the motion for new trial, except the one .setting up newly discovered testimony. The State's attorney filed a replication to this portion of the motion for new trial. Appellants then filed a supplemental plea in reply to the State's answer, to

which the district attorney also filed a replication. Numerous affidavits are attached to each of these pleadings. The motion was heard by the court, and the record discloses there was evidence adduced thereon, yet this evidence is not presented to us by bill of exceptions or otherwise, and under such circumstances we can but presume the district judge was correct in overruling the motion on this ground. But were the testimony before us, we do not think the ground in the motion itself discloses that diligence to secure the testimony before the trial that the law requires to be used before a new trial will be granted on the ground of newly discovered testimony. No motion for a continuance was presented; no application for a postponement of the case on the ground that insufficient time had been granted in which to get ready for trial, yet after conviction this is assigned as the reason why the witnesses were not produced at the trial. The courts can not thus be trifled with. If, in fact, new testimony is discovered after conviction which was unknown to the defendant, and which could not have been known by the use of reasonable diligence, and the testimony is of a material nature, a new trial should always be granted. But in this case a total lack of diligence is shown, and the testimony is not of that nature for which we would feel authorized to disturb the verdict. In subdivisions 3, 4, 5, 6 and 7 of section 1149 of White's Ann. Code of Criminal Procedure the rules governing the granting of new trials on account of alleged newly discovered evidence are set forth at length, and the authorities there cited. The evidence must in fact be *newly discovered,* and such as could not, by a reasonable exercise of diligence, have been discovered in time for the trial, and although the testimony is in fact newly discovered evidence, yet if by the use of diligence it could have been discovered before the trial, a new trial will not be granted. It must be probably true, and of such a nature that it would produce a different result. Considering the motion for new trial, together with the affidavits attached, and the contest filed by the district attorney, and the affidavits attached thereto by him, this ground of the motion for a new trial hardly comes up to the requirements announced by Judge White in his annotations to our Criminal Procedure.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 10, 1913.—Reporter.]