### J. T. McDONALD v. THE STATE.

No. 3704. Decided October 27, 1915.

**1.—Seduction—Corroboration—Sufficiency of the Evidence**

Where, upon trial of seduction, the evidence, although conflicting, was sufficient to sustain the conviction, and amply corroborated, there was no reversible error. Following Williams v. State, 59 Texas Crim. Rep., 347, and other cases.

**2.—Same—Charge of Court—Objections.**

Where the objections to the charge of the court were too general, and did not point out any specific error, they will not be reviewed on appeal.

**3.—Same—Evidence—Bill of Exceptions.**

Where the court was under the impression that the mother of the prosecutrix was testifying to a conversation she had with defendant regarding his mistreatment of the prosecutrix, but as soon as he discovered that the witness had in mind an illicit proposition to herself by the defendant, he instructed the jury not to consider the same, there was no reversible error, the jury assessing the lowest punishment. Following Miller v. State, 31 Texas Crim. Rep., 609, and other cases.

**4.—Same—Evidence—Letter—Contents.**

Upon trial of seduction, where the prosecutrix testified that she had received a letter from defendant and had lost the same, there was no error in permitting her to testify to its contents.

**5.—Same—Letter—Evidence—Practice in District Court.**

Where, upon trial of seduction, the prosecutrix claimed to have received a letter from the defendant, and an objection was sustained to her telling the contents, in the absence of notice to the defendant to produce it, there was no reversible error, although the witness had testified to parts of the letter, when the objection was made; the court having previously instructed the jury that when an objection was sustained to any proper testimony, they should not consider it, even though some part of it had been heard by them.

**6.—Same—Evidence—Rebuttal—Credibility of Witness.**

Where a witness for the defendant showed considerable interest in the defense, and denied that she had given a prescription for cotton root to produce a miscarriage on the prosecutrix, there was no error in permitting the State to introduce the mother of the prosecutrix in rebuttal, to show that said witness called on the said mother and gave her said prescription, such testimony being properly limited to the credibility of such witness, in the court's charge.

**7.—Same—Rule Stated—Animus of Witness.**

The law is well established that the opposite side may show animus and prejudice on the part of the adverse witness towards him and its extent, and that in such examination great latitude is allowed when the object is to impeach the credit of the witness. Such testimony is never regarded as immaterial or collateral. Following Pope v. State, 65 Texas Crim. Rep., 51, and other cases.

### 8.—Same—Evidence—Rule Stated.

Where, upon trial of seduction, defendant objected to the testimony of the mother of the prosecutrix, to the effect that one of defendant's witnesses had given her a prescription for cotton root to produce a miscarriage on the prosecutrix, but the record showed that the prosecutrix herself had testified the same thing without any objection thereto, there was no reversible error. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases

### 9.—Same—Evidence—Self-serving Declarations.

Where appellant complained that the court refused to permit him to show that he had announced his marriage on a certain occasion, but it did not appear that such announcements were directly or indirectly communicated to the prosecutrix, who charged the defendant with seduction, there was no reversible error, as such declarations were self-serving; besides, it appeared from the record that many witnesses testified to said declaration.

### 10.—Same—Requested Instruction—Charge of Court.

Where the court's main charge embraced all the requested instructions that were proper, and those not so embraced should not have been given, there was no reversible error.

### 11.—Same—Newly Discovered Evidence—Motion for New Trial—Affidavit—Attorney and Client.

Where one of the affidavits attached to the motion for new trial on the ground of newly discovered evidence was sworn to before one of defendant's attorneys, the same will not be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169.

### 12.—Same—Newly Discovered Evidence—Rule Stated—Discretion of Court.

A motion for new trial on the ground of newly discovered evidence must be closely scrutinized, and is largely confided to the discretion of the trial court, and is not ground for a reversal, unless such discretion is abused. Following Burns v. State, 12 Texas Crim. App., 269, and other cases.

### 13.—Same—Newly Discovered Evidence—Rule Stated.

It is incumbent on the appellant, when he sets up newly discovered evidence, to satisfy the court. 1. That the evidence has come to his knowledge since the former trial. 2. That it was not owing to the want of due diligence on his part that it was not discovered, and did not come to his knowledge before the trial. 3. That it is competent and material evidence, and not merely cumulative, corroborative, or collateral. 4. That it will probably produce a different verdict if a new trial is granted. 5. That it is not simply for the purpose of impeaching a former witness, and if the application is defective in establishing any of these essentials, a new trial should be refused. Following Gray v. State, 65 Texas Crim. Rep., 204, and other cases.

Appeal from the District Court of Denton. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of seduction: penalty, two years confinement in the penitentiary.

The opinion states the case.

*Owsley & Owsley*, for appellant.—On question of admitting testimony of mother of prosecutrix with reference to producing abortion, as being immaterial and hearsay: Collins v. State, 66 S. W. Rep., 841; Holland v. State, 131 S. W. Rep., 566; Jennings v. State, 132 S. W. Rep., 475; Evans v. State, 170 S. W. Rep., 796.

On question of admitting testimony of mother of prosecutrix that defendant made a proposal to ·her, etc.:  Skeen v. State, 100 S. W. Rep., 771; Cogdell v. State, 63 S. W. Rep., 645; Williford v. State, 37 S. W. Rep., 763.

On question of corroboration:  Slaughter v. State, 174 S. W. Rep., 582; Woolley v. State, 96 S. W. Rep., 27.

On question of insufficiency of the evidence:  Murphy v. State, 143 S. W. Rep., 619.

*C. C. McDonald*, Assistant Attorney· General, for the State.—Cited Hart v. State, recently decided; Staples v. State, recently decided; Grimes v. State, recently decided.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of seduction and assessed the lowest punishment.

It is useless to detail or discuss the evidence.  There can be no question as to its sufficiency to sustain the verdict.  There was some conflict in the evidence.  That of the appellant and his witnesses, if believed, would have been sufficient to have authorized his acquittal.  That question was for the jury, however, and not for this court.  The prosecutrix was amply corroborated.  (Williams v. State, 59 Texas Crim. Rep., 347; Beeson v. State, 60 Texas Crim. Rep., 39; Nash v. State, 61 Texas Crim. Rep., 259; Gillespie v. State, 73 Texas Crim. Rep., 585.)

The only objections to the charge of the court, after it had been submitted to appellant's attorneys, and before it was read to the jury were: "That the same did not directly submit the issue as raised by the evidence and did not instruct on lust passion, or fear," and that the court refused to give his eleven special charges.  These objections, under all of the decisions, are too general to point out any specific error as required by the statute.  However, we may discuss his refused charges herein later.  The court gave a full and correct charge submitting every question raised by the evidence.

Appellant has several bills to the admission and exclusion of certain evidence and the action of the court pertaining thereto.  His first sets up that while Renza Mitchell, the mother of the prosecutrix, was on the stand certain questions and her answers thereto, which are copied in the bill making some six typewritten pages, were had.  This bill gives the questions and answers, his objections to some of them, the court's ruling, what the district attorney said, etc.  The court, in approving the bill, did so, with this qualification: "When this witness was on the stand she did not speak very plainly and talk from the point, as is often the case with negro witnesses, and her testimony up to the statement in substance that the defendant had made a proposition to her for carnal intercourse, would hardly indicate that she had such in mind, but I understood therefrom that she was meaning a conversation with defendant regarding his mistreatment of her daughter, who was a pupil of the defendant in the colored school at Denton.  So soon as it became apparent that she had in mind an illicit proposition to her-

self by defendant, I immediately struck out the testimony and instructed the jury not to consider the same—I think the proceeding had no effect on the jury whatever."

In our opinion this bill, as explained by the judge, presents no reversible error. The jury assessed the lowest punishment. Miller v. State, 31 Texas Crim. Rep., 609; Hatcher v. State, 43 Texas Crim. Rep., 237; Robinson v. State, 63 S. W. Rep., 70; Trotter v. State, 37 Texas Crim. Rep., 468; Jones v. State, 33 Texas Crim. Rep., 7; Morgan v. State, 31 Texas Crim. Rep., 1; Sutton v. State, 2 Texas Crim. App., 342; Roberts v. State, 48 Texas Crim. Rep., 210; Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 351.

In his next bill he complains that when the witness Leta Mitchell, prosecutrix, was testifying she was permitted, over his objections,— first, to testify to the contents of a letter she had received from appellant. She testified that she had lost it. The court, in qualifying his bill on this point, states that she had lost that letter which rendered its contents admissible. The court was correct in this. Then it appears the witness was asked about a letter she had written to the appellant. As to this the court, in qualifying and approving the bill, said: "With reference to the letter she claims to have written defendant, objection was sustained to her telling the contents; however, some parts of it she had told over objection of defendant, but when the objection was made that defendant had been given no notice to produce it, the objection was sustained and I had previously stated to the jury that when an objection was sustained to any proffered testimony they should not consider it even though some part of it had been heard by them, as it frequently occurs that a portion of a witness' answers appears unobjectionable and more of it shows the whole to be inadmissible." As qualified this bill shows no error.

In his next bill he complains of the testimony of Renza Mitchell, introduced in rebuttal, to the effect that in June, 1914, when her daughter, the prosecutrix, was sick, caused by her pregnancy, that Mrs. Lawson, one of the defendant's material witnesses, called on her and gave her a prescription for cotton-root to produce a miscarriage on Leta. What the prescription was is not otherwise disclosed than as stated. In approving the bill the court qualified it as follows: "This bill is approved with the qualification that the witness Mrs. Lawson had testified in favor of the defendant and against the contention of the prosecutrix and showed considerable interest in the defense, as the court thought, and this testimony was admissible, in the opinion of the court as affecting the credibility of the said Mrs. Lawson and was limited orally to the jury for such purpose, and perhaps in the charge, which is not now accessible." The charge did so limit it. Mrs. Lawson denied that she had given any such prescription. Appellant contends that as Mrs. Lawson so denied, the State was bound by her denial as she was attempted to be impeached on an immaterial matter. His contention does not apply in this case. The law is well established that the opposite side may show animus and prejudice on the part of the

adverse witness towards him and its extent, and that in such examina-
tion great latitude is allowed when the object is to impeach the credit
of the witness. Also that motives which operate on the mind of the
witness when he testified are never regarded as immaterial or collateral
matters. A party may prove declarations of the witness which tend
to show bias, interest, prejudice or any other mental state, or status,
which fairly construed, might tend to affect his credibility. Pope v.
State, 65 Texas Crim. Rep., 51; Cain v. State, 68 Texas Crim. Rep.,
507; Burnaman v. State, 70 Texas Crim. Rep., 361, and authorities in
the opinions in said cases.

Besides this, before Renza Mitchell testified, her daughter Leta had
testified to the same thing without any objection thereto by the appel-
lant, as shown by this record. As frequently held by this court, "the
erroneous admission of testimony is not cause for reversal, if the same
fact is proven by other testimony not objected to." Wagner v. State,
53 Texas Crim. Rep., 306; Bailey v. State, 69 Texas Crim. Rep., 474;
Christie v. State, 69 Texas Crim. Rep., 598, and many other cases.

By other bills appellant complains that the court refused to permit
him to prove by the superintendent and some of the trustees of the
public schools at Denton, white men, that about June, 1913, when they
first employed him as a teacher in the colored schools at Denton, that
he then told them he intended to get married, and that on another
occasion he so told them. The court, in explanation of these bills,
refusing to permit such testimony, shows that he did so because they
were not shown or attempted to be shown to have been communicated,
directly or indirectly, to the prosecutrix, and that they were, therefore,
self-serving; but that all other testimony by all other negro witnesses
(the appellant and the prosecutrix being negroes) as to statements by
appellant of his approaching marriage with a woman other than prose-
cutrix, or his claimed intended marriage, were admitted and that all
other such statements where it was thought prosecutrix would likely
learn of it, were admitted. The record shows that many of the wit-
nesses did testify to said declarations. These bills present no error.

Notwithstanding the court's refusal to give any of his special charges
is not raised and presented in such a way that we could consider them,
yet, we have examined all of them, and where proper to be given they
were clearly embraced in the court's charge and those not so embraced
should not have been given, and the refusal to give them presents no
error.

The only other question is that appellant has the affidavits of three
persons attached to his amended motion for new trial, claiming that
they show newly discovered evidence which he claims ought to have
resulted in the court's granting him a new trial. The first of these
affidavits is sworn to before one of his attorneys which has been uni-
formly held prevents its consideration. (Maples v. State, 60 Texas
Crim. Rep., 169, and many cases to the same effect.) The appellant's
motion on this ground was controverted and vigorously contested by

the county attorney. It was all thrashed out before the trial judge. Judge White, in his Ann. C. C. P., sec. 1145, says:

·"It is well established by the decisions of this court that a motion for a new trial on this ground is closely scrutinized, and is largely confided to the discretion of the trial court; and the disposition there made of it will not be disturbed on appeal, unless it be apparent that the trial court abused its discretion to the prejudice of appellant. Burns v. State, 12 Texas Crim. App., 269; Bell v. State, 1 Texas Crim. App., 598; Templeton v. State, 5 Texas Crim. App., 398; Shaw v. State, 27 Texas, 750; West v. State, 2 Texas Crim. App., 209; Terry v. State, 3 Texas Crim. App., 236.

"It is also well established that in a motion for new trial on this ground it is incumbent on the appellant to satisfy the court: (1) That the evidence has come to his knowledge since the former trial. (2) That it was not owing to want of due diligence on his part that it was not discovered and did not come to his knowledge before the trial. (3) That it is competent and material evidence and not merely cumulative, corroborative or collateral. (4) That it will probably produce a different verdict if a new trial is granted. (5) That it is not simply for the purpose of impeaching a former witness. If the application is defective in establishing any one of these essentials a new trial should be refused. Fisher v. State, 30 Texas Crim. App., 502; West v. State, supra; Duval v. State, 8 Texas Crim. App., 370; Gross v. State, 4 Texas Crim. App., 249; Hutchinson v. State, 6 Texas Crim. App., 468." (Gray v. State, 65 Texas Crim. Rep., 204.)

We think the court's action in refusing a new trial on this ground was correct. The judgment is affirmed.

*Affirmed.*