## DAN STEPHENS V. THE STATE.

No. 10086.    Delivered April 21, 1926.

Rehearing denied November 3, 1926.

**1.—Murder—Charge of Court—On Self-Defense—Correct.**

Where, on a trial for murder, in submitting affirmatively *appellant's* theory of self-defense, the court charged the jury in effect that if they believed at the time the defendant killed the deceased, Otho Martin, that it reasonably appeared to the defendant at the time, from the acts or words, if any, of the said Otho Martin *and* Wiley Martin, *or* either, or if from some act then done by the said Otho Martin *and* Wiley Martin, *or* either, he was about to carry out the threats so made, if any or if they had a reasonable doubt thereof to acquit, was a correct presentation of the law. Distinguishing Brookerson v. State, 242 S. W. 234.

**2.—Same—Continued.**

In the Brookerson case, the charge was so framed as to fail to present the effect of the *joint* assault or action of the two parties, whom he claimed

were assaulting him.   In the instant case the charge pertinently directs the jury to take into account the acts, or words, if any, of the said Otho Martin (the deceased), *and* Wiley Martin, in effect to take into account the joint assault or joint action of both Otho Martin and Wiley Martin, or either of them.

**3.—Same—Evidence—Properly Excluded.**

Where appellant had not requested either a postponement or continuance, there was no error in refusing to permit him to introduce, during the progress of the trial, a subpoena which had been issued for a witness, such subpoena not being material in the absence of such a motion.

**4.—Same—New Trial—Newly Discovered Evidence.**

Where a new trial is sought on the ground of newly discovered evidence the motion must show by direct averment that said newly discovered testimony would likely bring about a different result in the event of another trial, which must be supported by the affidavit of the newly discovered witness attached to said motion, and it must also appear that said testimony is not cumulative, collateral or impeaching.  Following O'Hara v. State, 124 S. W. 93, and other cases cited.

ON REHEARING.

**5.—Same—No Error Presented.**

On rehearing a careful re-examination of the record confirms us in the views expressed in the original opinion of the court in disposing of the case, and no error being discovered, the appellant's motion for rehearing is in all things overruled.

Appeal from the District Court of Nolan County.   Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction of murder, penalty eight years in the penitentiary.

The opinion states the case.

*L. B. Allen, Beall & Beall,* and *J. F. Cunningham,* for appellant.   On newly discovered evidence, the appellant cites:
   Strickland v. State, 13 Tex. Crim. App. 364.
   Haskew v. State, 14 Tex. Crim. App. 606.
   Bird v. State, 16 Tex. Crim. App. 529.
   Trimble v. State, 16 Tex. Crim. App. 212.
   Montressor v. State, 19 Tex. Crim. App. 281.
   Helm v. State, 20 Tex. Crim. App. 41.
   McCleaveland v. State, 24 Tex. Crim. App. 202.
   Roy v. State, 24 Tex. Crim. App. 369.
   Hart v. State, 21 Tex. Crim. App. 163.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is eight years in the penitentiary.

The state's testimony shows that the deceased was killed by the appellant under circumstances showing malice. The appellant defended on the ground of self-defense and introduced testimony tending to show that the appellant believed that the deceased had raped the daughter of the appellant. There was testimony in the record which, if true, was sufficient to show that deceased and appellant had met since appellant had been informed of the alleged rape and prior to the time of the fatal shooting. The deceased was in company with his brother at the time he was killed.

Appellant complains of the following portion of the court's charge:

"You are therefore charged that if you find and believe from the evidence any such threats or threat were made, or threats as testified to by the witnesses on the stand in this case, were communicated to the defendant, whether they were in fact made or not; and you further believe at the time the defendant killed the deceased, Otho Martin, if he did, that it reasonably appeared to the defendant at the time from the acts or words, if any, of the said Otho Martin and Wiley Martin, or either, or from some act then done by the said Otho Martin and Wiley Martin, or either, that he, the said Otho Martin and Wiley Martin, or either, was about to carry out the threat or threats so made, if any, or if you have a reasonable doubt thereof, then, in that event, you will find the defendant, Dan Stephens, not guilty."

Appellant objected to this charge on the ground that it does not submit the acts or conduct of deceased and his brother. It will be observed from the above charge that the court instructed the jury in effect that if they believed at the time the defendant killed the deceased, Otho Martin, if he did, that it reasonably appeared to the defendant at the time from the acts or words, if any, of the said Otho Martin and Wiley Martin, or either, or if from some act then done by the said Otho Martin and Wiley Martin, or either, he was about to carry out the threat or threats so made, if any, or if they had a reasonable doubt thereof, then in that event to find the defendant not guilty. It seems to be appellant's contention that the word "or" as used in said charge was erroneous and that instead the word "and" ought to have been used each time. We cannot agree with this contention. We think the charge as written clearly and unequivocally gave the appellant the right to act if it appeared to him that the deceased

and his brother, or either of them, were attempting to carry into execution any threats they had made. This was as clear and as favorable presentation of the matter as appellant could ask.

Appellant cites the case of Brookerson v. State, 242 S. W. 234, as authority for his contention. We think the charge in the instant case was written to cover the very objection that was made to the charge in the Brookerson case, supra. In the Brookerson case, the charge was so framed as to fail to take into account the effect of the joint assault or action of the two parties whom he claimed were assaulting him. In the instant case, the jury are pertinently directed to take into account the acts or words, if any, of the said Otho Martin and Wiley Martin. In other words, in the instant case, the jury were directed to take into account the joint assault or joint action of both Otho and Wiley Martin.

Appellant also complains at the court's action in refusing to permit him to introduce in evidence a subpoena which had been issued for a witness who was not present at the time of the trial. The court, in qualifying this bill of exceptions, says that the evidence was offered near the close of the trial, which had lasted about three days, and that no application for a continuance was made and no testimony offered in open court of the sickness of the witness named in said subpoena or his present whereabouts. We think appellant has failed to bring himself within the rule stated in the authorities cited by him.

Appellant also complains at the courts' action in refusing him a new trial because of newly discovered evidence. The motion for a new trial is insufficient to show error, in that it fails to show by direct averment or otherwise that said newly discovered testimony would likely bring about a different result in the event of another trial as does also the affidavit of the witness attached to said motion, and it also fails to allege that said testimony is not cumulative, collateral or impeaching. O'Hara v. State, 124 S. W. 95. McDonald v. State, 179 S. W. 880. Madrid v. State, 161 S. W. 93.

We do not believe that the trial court abused his discretion in refusing to grant a new trial because of newly discovered evidence. We have carefully examined the record in this case and have reached the conclusion that appellant is without just cause of complaint and so believing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the charge of self-defense, based on threatened danger of an attack by deceased and his brother, which charge is set out in our original opinion. The contention is that the charge held objectionable in the Brookerson case, supra, is in effect identical with the one here complained of. In order that the comparison appear, we quote the charge held bad in the Brookerson case. Same is as follows:

"At the time of the killing the mind of the defendant was rendered incapable of cool reflection, by reason of any condition or circumstance, or combination of circumstances, or acts and conduct of the deceased, Oscar Knight, or his brother, Oliver Knight, or either of them, calculated to create and did create in the mind of the defendant, either of the emotions known as anger, rage, sudden resentment, or terror, at the time of the homicide, rendering the mind of the defendant incapable of cool reflection, then you will find the defendant guilty of manslaughter."

The language of said charge is plain and gave the accused the right to defend against the "acts and conduct of the deceased, Oscar Knight, *or* his brother, Oliver Knight, *or* either of them." The ruling in said case would have been different had the charge quoted used the following language: "acts and conduct of the deceased, Oscar Knight, and his brother, Oliver Knight, or either of them." The use of the conjunction "and" makes the acts and conduct referred to in the charge in the instant case, include the acts and conduct of both. Appellant asserts that he cited seven authorities in his brief supporting his contention in this regard, all of which are in conflict with our original opinion. We find in his brief the Brookerson case cited and the six authorities, which are referred to, in the opinion in the Brookerson case, but none of them are at variance with the holding in our original opinion.

No state witness gave testimony that appellant was at the west door of the courthouse, where the shooting occurred, waylaying deceased. All the eye-witnesses, including appellant, said the parties met at said west door. Appellant said that he opened the door to go out—the brother of deceased said that deceased opened the door to go in. It appears that appellant had a sub-

poena issued for two witnesses while this case was pending in Fisher County before the venue was changed to Nolan County. Said witnesses were not present when the case was tried in Nolan County, and appellant offered in evidence said subpoena, but the state's objection was sustained and the subpoena not admitted. No continuance had been sought because of the absence of said witnesses. Appellant renews a complaint made because the court sustained the state's objection to the introduction of this subpoena. As we view the matter, said subpoena, if in evidence, would have proved nothing material in this case. According to the state's contention, appellant shot and killed deceased while fleeing from him, and upon evidence offered in support of this proposition he was convicted of murder. We find nothing supporting any contention that deceased was shot by appellant from ambush.

Finding nothing in the motion for rehearing justifying the granting of same, it will be overruled.

*Overruled*