EMILE BLAIR V. THE STATE.

No. 16186. Delivered January 10, 1934.
Rehearing Denied March 14, 1934.
Reported in 68 S. W. (2d) 1050.

The opinion states the case.

*J. E. Garland,* of Lamesa, and *T. L. Price,* of Post (on appeal only), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary; the punishment, 2 years confinement in the state penitentiary.

On the 12th day of April, A. D. 1933, the appellant was indicted by the grand jury of Dawson County of the offense of burglary. He was arrested on the same day and on the 21st of April employed an attorney to represent him at the trial. On the 27th day of said month his case was called to trial when he

and his counsel appeared, filed an application for a suspended sentence, and entered a plea of guilty to the charge. The jury found the defendant guilty of the offense of burglary and assessed his punishment at confinement in the state penitentiary for a term of two years, but declined to recommend a suspension of sentence.

There are no bills of exception in the record nor any objections to the court's charge, but defendant in due time filed a motion for new trial and subsequently filed an amended motion for new trial in which he asserts: First, that no evidence was offered by the state showing that defendant was sane and capable of entering a plea of guilty, but on the contrary the acts and conduct of the defendant indicated that he is probably of unsound mind and incapable of entering a plea of guilty. Second, that his counsel persuaded him to plead guilty under the belief that the jury would recommend a suspension of sentence, and therefore he made no defense against the charge of burglary but relied solely upon the jury's recommendation for a suspension of the sentence; that he did not discuss with his counsel matters vital to his defense as he was incapable of doing so but made incoherent and conflicting statements which misled his counsel and which induced his counsel to persuade him to plead guilty. Third, that since the trial his counsel learned that the defendant did have a defense in the form of an alibi which he, the defendant, did not disclose to his counsel but which his counsel learned from other sources after the defendant's conviction. Fourth, that Archie McDonel, an alleged accomplice, exercised a peculiar and dominating influence over him, the defendant; that his, the defendant's mentality is such that he is unable and incapable of resisting the will, direction, and domination of the said Archie McDonel, etc.

The appellant's motion for new trial is not verified as required by statute but has attached to it a number of affidavits by his counsel stating that from conversations he had and from facts learned he is convinced that the defendant has not the mentality capable of exercising judgment as to whether or not to enter a plea of guilty and that he, the defendant, did not exercise his own mind in entering said plea but relied entirely upon his counsel whose judgment was erroneous. He also attached an affidavit of R. L. Hunt wherein it is averred that on the first day of February, 1933, the defendant was at affiant's store in the town of Loop, Texas, from about 1:30 P. M. until 4:30 P. M. except an interval of two hours in which he drove to Seagraves, Texas, to cash a check, returning with the cash and paid a loan of $10.00; that affiant did tell defendant's coun-

sel that the defendant was at his store but counsel told affiant that he believed Emile would get a suspended sentence and he would advise him not to make any defense, but affiant did not go into details with counsel. In the affidavit of E. J. Hill it is averred that Archie McDonel, the alleged accomplice, exercised a power and an influence over the mind of the defendant; that the defendant is of unsound mind and does not exercise his free will and discretion when associated with the said Archie Mc-Donel; that from his, affiant's, acquaintance and association with the defendant he, affiant, does not believe that the defendant is mentally capable of entering a plea of guilty, and further averred that on the 1st day of February, 1933, after 5 P. M. and a little before sundown he saw the defendant in Loop, Texas. J. S. Blair, the father of defendant, made an affidavit of the same import as that of E. J. Hill. The record discloses that defendant testified and detailed how and when he and Archie McDonel committed the offense charged in the indictment.

The state contested the defendant's amended motion for new trial and the trial court who heard and observed the defendant testify (and whose testimony does not indicate any abnormal mind) and also heard and observed other witnesses who connected the defendant directly with the offense charged, overruled the motion for new trial. This court held in the case of Behrens v. State, 268 S. W., 172, that a motion for newly discovered evidence and supporting proof must show that the evidence could not have been procured by due diligence as well as a lack of knowledge thereof by the defendant or his counsel. In the case of Wheeler v. State, 34 S. W., 942, and Sellers v. State, 134 S. W., 348, this court held that facts which the defendant could have known before trial are not grounds for a new trial. This court held in the case of Bobo v. State, 235 S. W., 878, that a motion for new trial should be sworn to by the accused or by his counsel. In the case of McDonald v. State, 179 S. W., 880, this court held that a denial of a new trial on the ground of newly discovered evidence will not be disturbed unless it appears that the trial court abused his discretion to defendant's prejudice.

We have thoroughly and carefully examined the record in this case and reach the conclusion that the trial court did not abuse its discretion in overruling the motion for new trial.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

498

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record convinces us that the original opinion made the proper disposition of the appeal.

The motion for rehearing is overruled.

Overruled.