### J. C. BOBO V. THE STATE.

No. 6511.   Decided December 7, 1921.

**1.—Wife Desertion—Newly Discovered Evidence—Practice on Appeal.**

Where the motion for a new trial on the ground of newly discovered evidence was not sworn to, the same cannot be considered on appeal.

**2.—Same—Definition of Offense—Desertion Not Necessary, When.**

Where the information charged both wilful desertion and failure to provide for the support and maintenance of the wife, who was alleged to have been in necessitous and destitute circumstances, and both were submitted to the jury and a general verdict was returned, there was no error on that ground, and contention of counsel that desertion was a necessary element of the offense, even though neglect and refusal to provide for, support and maintain the wife was shown, is untenable. Following O'Brien v. State, 90 Texas Crim. Rep., 276, recently decided.

**3.—Same—Requested Charge—Physical Inability to Work.**

Where, upon trial of wife desertion, etc., the trial court refused a requested charge to the effect that if the failure to support was because of illness or poverty on part of the accused, he should be acquitted, based upon the testimony, a refusal of same was reversible error. Following Irving v. State, 73 Texas Crim. Rep., 615, and other cases.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of wife desertion, etc.; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Heyser, Hicks, Williams & Wilson,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, JUDGE.—Conviction is for wife desertion; penalty $50 fine and thirty days in jail.

New trial was applied for on the ground, among others, of newly discovered evidence. The affidavit of the wife is attached, setting out what is claimed to be the evidence coming to appellant's knowledge since the trial, but the motion for new trial as it appears in the record is not sworn to either by counsel or accused. A motion for new trial not so sworn to, when the ground stated is newly discovered evidence, is entirely insufficient. (For authorities, see notes 7 and 9, under Article 840, Vernon's C. C. P.)

The information charged both wilful desertion, *and* failure to provide for the support and maintenance of the wife, who was alleged to have been in necessitous and destitute circumstances. Both were submitted to the jury, and a general verdict returned. The case was tried by counsel for accused on the theory that desertion was a necessary element of the offense, without which no criminal liability attached, even though neglect and refusal to provide for support and maintenance was shown. Many special charges were requested embracing this theory and exceptions properly reserved when refused. This question was decided adversely to such contention in No. 6404, O'Brien v. State, 90 Texas Crim. Rep., 276; (opinion delivered November 16, 1921, not yet reported) ; in which we held that a husband would be guilty under Article 640-A, Vernon's P. C., who wilfully or without justification deserted his wife who was in destitute or necessitous circumstances, and one would likewise be guilty who wilfully or without justification neglected or refused to provide for her support and maintenance when she was in destitute or necessitous circumstances. Article 640-C, read in connection with Article 640-A confirms us in the correctness of that conclusion. No error was committed by the court in declining to give the special charges.

A special charge refused was substantially to the effect that if the failure to support was because of illness or poverty on accused's part he should be acquitted. This charge should have been given. To our minds the evidence raised the issue. If appellant was physically unable to work, and provide for his wife, there would be an absence of wilfulness and the presence of justification, although his physical ailment may have been brought about by some other lapse of conjugal duty. Likewise, if poverty overtakes one it is a misfortune, but not a crime. In O'Brien's case, *supra,* it is said: "If the evidence should disclose a state of facts where the husband may not have actually deserted his wife, but continued to live with her, and yet wilfully or without justifications neglected or refused to provide for her support and maintenance when she was in destitute and necessitous circumstances, *he being able to so support and provide for her,* we can see no reason why under the law he might not be guilty of an offense." By the same reasoning then it would seem plain if he is not able to support and provide there would be no offense. Irving v. State,

73 Texas Crim. Rep., 615, 166 S. W. Rep., 1166; Reid v. State, 88 Texas Crim. Rep., 364, 229 S. W. Rep., 324.

For the error pointed out the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*