Andrew Behrens v. The State.

No. 8565. Delivered Dec. 17, 1924.

Rehearing denied Jan. 28, 1925.

**1.—Assault to Murder—Motion for New Trial—Newly Discovered Evidence—Diligence, Materiality.**

In his motion for a new trial, appellant set out the newly discovered evidence of Dorothy Geisler and her mother. These witnesses lived in a house a short distance from the scene of the shooting, and no diligence was shown by the appellant to discover their testimony before the trial.

ON MOTION FOR REHEARING.

**2.—Same—Motion for New Trial—Diligence.**

In passing upon a motion for a new trial, it is the province of the trial court to pass upon the diligence, or lack of diligence shown to discover such testimony before the trial, as well as its admissibility, and in doing so to not only consider the evidence presented in support of the motion, but also to look to all of facts in evidence upon the trial. This court will sustain the action of the trial court in passing upon a motion for a new trial, which by its recitals or surroundings showed to have been decided upon evidence heard, by the trial court, which evidence was not preserved nor brought forward for review in any way.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for an assault to murder; penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of San Saba County of assault to murder, and his punishment fixed at two years in the penitentiary.

It seems from the record that some Christmas festivities were in progress at a house which had been rented by the school trustees of the community for school purposes, and that after the festivities were over the brothers of appellant and himself and some others wished to have a dance in the school building. Wilkinson, the injured party, was a trustee and strenuously objected to having the dance. There was a good deal of rough language used by appellant and others and a witness testified that he put his arms around appellant on that occasion to prevent his assaulting Wilkinson with a knife. Two or three days later Wilkinson and his son were riding toward their home from their mail box when they were overtaken by appellant and one Miller also

on horseback. Appellant shot Wilkinson twice, one shot entering the right side of the body and the other entering the lower part of the head, breaking the jaw-bone and coming out in the rear.

There is but one bill of exceptions in the record which evidences complaint of the refusal of a new trial sought for newly discovered evidence, same consisting of the supposed testimony of Dorothy Geisler and her mother. It appears they were at a house on the public road at a point about 125 yards from where the shooting occurred at the time it took place. Dorothy says she was out in the yard and saw Mr. Wilkinson and his son riding down the public road, and saw the former get off his horse and pick up something, get back on his horse and ride on down the road. In two or three minutes she says appellant and one Eddie Miller came galloping down the same road going in the direction of Mr. Wilkinson. She paid no attention further till she heard two shots in a little while. She then went out on the gallery, looked down the road and saw Mr. Wilkinson staggering around and appellant and his companion riding off. In a few minutes Wilkinson's son rode down to the house where she was and made a statement to her mother who asked him why appellant shot his father, the effect of the statement being that appellant was fooling around their house the night before and his father had to throw some rocks at him. It appears that Mrs. Geisler would corroborate Dorothy as to the statement made by the boy.

The State objected to the consideration of the motion because the affidavits of Mrs. Geisler and Dorothy were not attached, but appellant asked leave to amend his motion by attaching same. The court refused to allow this but overruled the motion for new trial, stating that in his opinion the alleged newly discovered evidence was not such as called for the granting of a new trial had said affidavits been properly attached and considered hence we have considered the matters as if the affidavits were attached. The State's attorney before our court insists that no such diligence to obtain the testimony originally, was shown as would entitle the motion to consideration at our hands. He urges that as the house where Mrs. Geisler and her daughter were staying was the nearest house to the scene of the difficulty, and in such proximity as to enable the occupants to see said difficulty, if they were looking, and the proprietor of this house being the person who carried the injured party from the scene to town in his car directly after the shooting, reasonable diligence would have required appellant to investigate and talk to the occupants of said house in preparation for trial and that he would thus have found out who were on the premises at the time and could have ascertained what they saw and heard. We are compelled to agree with this contention. There is no showing in the motion for new trial that appellant or any one for him had ever made inquiry at the house in question, or had ever talked with any one who lived there. The general averment that he did not know Mrs. Geisler or

her daughter, and that he had talked with many people on Wallace creek,—seems to fall short of that showing of diligence by appellant which should appear in such case.

In addition, however, to the lack of diligence, the statements made by Young Wilkinson were but his opinion and were made after the difficulty ended and after he had ridden down to said house, and were made out of the presence of both his father and appellant, and in our opinion could not be held to be *res gestae* of the transaction. See Branch's Ann. P. C., Sec. 87, for pertinent authorities. The circumstance detailed by Dorothy Geisler to the effect that at some point between the house and where the shooting occurred, she saw Mr. Wilkinson get down from his horse and pick up something, in addition to the objection that no diligence was shown in the discovery of such testimony, would further seem entitled to little weight in view of the fact that she did not undertake to say what, if anything, he picked up, and of the further fact that neither appellant nor his companion Miller in their testimony claimed to have been in view of Wilkinson at any time when he alighted from his horse and picked up any object. Mr. Wilkinson and his son were going in same direction in which appellant and his companion were and if they with their backs down the road could not see appellant approaching, and if appellant or his companion could not see Wilkinson alight from his horse at the time he did alight, if he did so, there would seem small significance to be attached to this testimony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant complains of the fact that the court considered in connection with the motion for new trial the evidence adduced upon the trial of this case as showing that he had not used due diligence in procuring testimony relied on as newly discovered. Appellant misapprehends the effect of the opinion in Collins v. State, 254 S. W. Rep., 808, wherein we said that:

"When the motion for new trial raises questions of fact, the trial judge has the privilege of determining whether they are true, and in such case the judge shall hear evidence, by affidavit or otherwise, and determine the issue. When on appeal it appears that in passing on the motion the trial judge relied upon evidence other than that furnished by the affidavits attached to the motion for new trial, and the State's contest thereof, this court cannot determine whether the issue of fact was correctly decided in the absence of a statement of facts or bill of exceptions embracing the evidence that was heard, and must therefore presume that the court's ruling upon the evidence before it was correct."

It must be patent that the court was only discussing the duty of this court to sustain the action of the trial court in passing upon a motion for new trial which by its recitals or surroundings showed to have been decided, upon evidence heard, by the trial court, which evidence was not preserved in any way. Manifestly the appellant might swear to motion for new trial based on the proposition there was not sufficient evidence before the court upon the main trial, to justify the jury's verdict, and might support this motion for new trial by the affidavits of any number of people to that effect. This would not deprive the trial judge upon the hearing of the motion for new trial, of the right to decide the case adversely to the contention of the sworn motion and of its supporting affidavits. To be sure, he would take into consideration the testimony that had been introduced before him upon the trial of the case itself.

It is true that the motion for new trial negatives knowledge on the part of appellant or his counsel, of the facts set forth in the affidavits of the witnesses relied on as newly discovered. This is only a part of the necessary allegations where newly discovered evidence is relied on. It is necessary that the motion set up and the proof support the proposition that the newly discovered testimony could not have been procured by the exercise of diligence. We again state that when the difficulty occurred within a very short distance of a house by the roadside and the record shows that no investigation has been made to find out if the inhabitants of said house know anything of the difficulty, and it is not shown that they were talked to by the defendant or anyone representing him, this would not appear to us to be diligence.

Appellant quotes from Sec. 87 of Mr. Branch's Annotated P. C. as rebutting our conclusion that the statement made by Samuel Wilkerson when he rode up to the house where Mr. Geisler and her daughter were, was not a part of the *res gestae*. The quotation from Mr. Branch's P. C. is as follows:

"If the statement of a third person were a part of a transaction and go to illustrate the feelings, motive and acts of the principal actors, proof of same is admissible as part of the *res gestae*."

The statement of the rule refutes the proposition of its application here. Samuel Wilkerson was with his father at the time the State said the latter was assaulted by appellant and his companion. After the row was over Samuel rode down to the house where Mrs. Geisler and her daughter were and made statements there, not as to what had transpired at the scene of the difficulty but of the fact that appellant was fooling around their house the night before and his father threw some rocks at him. This was clearly a narration of some past event and could under no view be *res gestae*.

We have examined the other propositions advanced in the motion for rehearing and being unable to agree with any of them, same will be overruled.

*Overruled.*