## JACK ELLIS v. THE STATE.

### No. 9534.   Delivered June 17, 1925.

### Rehearing Denied Nov. 11, 1925.

**1.—Child Desertion—Requested Charge—Properly Refused.**

Where on a trial for child desertion appellant requested the court to charge the jury, in effect that it was the duty of the wife and mother to take all the money which is given her for other necessary purposes, and use it exclusively for the children, such requested charge was not a proper presentation of the law, and was properly refused.

ON REHEARING.

**2.—Same—Statute Construed—Cases Distinguished.**

Our statute Art. 640, C. C. P., denouncing and providing a penalty for wife and child desertion, prescribes three different elements which constitute that offense, and the opinions of this court heretofore delivered, were directed to the particular manner in which the appellant was charged with a violation of said statute and construed the statute in its application to the particular facts presented. The facts in each case were considered in the light of the particular allegation of a violation, as set out in the complaint and information, and the evidence adduced.

**3.—Same—Continued.**

In the instant case, the state relied for a conviction upon the evidence that appellant had *deserted* his children, and left the state, going to Oklahoma. In all of the cases cited by appellant on rehearing, the elements relied upon by the state were entirely different from those in the instant case, and do not sustain appellant's contention that the evidence is insufficient. Following, O'Brien v. State, 234 S. W. 668; Bobo v. State, 235 S. W. 878. Distinguishing Elm v. State, 270 S. W. 856; Otto v. State, 266 S. W. 787, and other cases cited in this opinion.

Appeal from the County Court at Law of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*W. Somerville,* County Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—From a conviction in the County Court of Wichita County at Law for child desertion, with punishment fixed at a fine of $100.00 and one year in the county jail this appeal is taken.

The facts show that appellant married his wife and had by her three children and because of his neglect and treatment of her she procured a divorce from him. In January, 1925, the couple were remarried. On the 3d day of April, 1925, the complaint and information in this case were presented. But one witness testified, she being the wife of appellant, and her testimony shows that from the time of their remarriage appellant began to take from her what little she had made or accumulated during their separation, and that he has contributed to the support of the children nothing. It is needless for us to set out the facts at length. They are sufficient to show that for some time prior to the filing of the information herein appellant had been continually taking from her what money and property she had and that he was contributing nothing to the support either of herself or their three minor children under sixteen years of age.

The only bill of exceptions complains of the refusal of a special charge in which refusal we perceive no error. The law does not make it the duty of the wife and mother to take all of the money which is given to her for other necessary purposes, and use it exclusively for the children. Such would be the legal effect of the requested charge, complaint of the refusal of which appears in the bill of exceptions.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Our opinion on rehearing filed in this case on October 21, 1925, will be withdrawn for the purpose of elaborating the views of the court as therein expressed, and the following opinion substituted:

In O'Brien's case, 234 S. W. Rep. 668, followed by Bobo v. State, 235 S. W. Rep. 878, we held that under Art. 640 P. C. et seq., a man who wilfully and without jurisdiction deserts his wife or minor children under sixteen years of age who are destitute or in necessitous circumstances, violates the law; likewise one who in similar fashion neglects to support them; and also one who in the same way refuses to support them. We are of the opinion that one who is shown to have deserted his children when they are in destitute or necessitous circumstances, should be held guilty of violation of the law, without proof of his inability or unwillingness to support them. It may be otherwise when reliance is had in a particular case on that part of the statute which makes guilt dependent on neglect or refusal

to support the wife or children. When the charge laid embraces all of the ways in which the law may be violated, the State may claim conviction upon proof of either mode. Looking to the record before us carefully, in the light of the earnest motion for rehearing, we are not prepared to say that the facts do not show desertion of his children on the part of appellant. It is provided in the last paragraph of Art. 640-c P. C., that desertion shall be deemed wilful when the wife or child is shown to be in destitute or necessitous circumstances. While in this case the proof might not show the children to be in absolutely destitute circumstances, it abounds in testimony showing them in "necessitous circumstances." We think the facts justify the conclusion that appellant came to where his wife was getting along pretty well, he having nothing, and that after remarrying her, he used her business, credit, stock, etc., during the time he lived with her and the children. He left them and went to Oklahoma, and until the time of his arrest he evinced no desire or effort to take care of his children in any way. Appellant did not testify or introduce any testimony.

Appellant insists that upon the authority of Elm v. State, 270 S. W. Rep. 856; Otto v. State, 266 S. W. Rep. 287; Frank v. State, 274 S. W. 573; Mercardo v. State, 218 S. W., Rep. 491, and Scciocca v. State, 271 S. W. Rep. 618, his motion should be granted and this case reversed, his claim being that said authorities are decisive of the point made on this appeal.

The particular reliance of appellant with reference to said authorities is that they hold that the State's proof should demonstrate the financial ability of the accused, or rather the lack of same, at the time of the alleged commission of the offense, else he would be entitled to an acquittal. Expressions may be found in the opinions in some of said case,—which fit the facts of that case, but may not of this one. In Elm's case, supra, we said: "There would hardly seem to be proof of a wilful failure to contribute unless there be some such showing. (Otto v. State, 266 S. W. Rep. 787.)" This expression would clearly apply when the State relied on the wilful neglect or wilful failure to support, as was true in that case, but not where the State relied on desertion. In Otto's case, supra, our conclusion was that the State failed on its proof as to all three of the ways this offense may be committed, and in saying that to support the allegation of willfulness proof should be made to some extent that appellant could contribute to the support of his children, our attention was not at all directed to the question of the distinction when reliance is had on desertion as the basis for the prosecution. The Frank case, supra, was decided on the sole issue that the proof failed to show that the wife and children were in destitute and necessitous circumstances. In the Mercardo case, supra, it was shown that the wife left the accused, sued him for divorce,

etc., and we held that there was nothing of wilfulness in appellant's conduct in not paying to her for their children, money under the facts of that case. In Scciocca's case, supra, the proof showed that the wife left her husband and upon his failure to support her, filed the charge against him, and the case was reversed because of the failure to support the allegation of wilfulness by any proof.

We express again our approval of the rules announced in O'Brien v. State, supra. If the proof responsive to the allegation shall show that the husband wilfully or without jurisdiction, deserted his wife or children in destitute and necessitous circumstances, this would make out the State's case. In like manner if responsive to proper allegation, the proof should show that the husband wilfully and without jurisdiction neglected to provide for the support and maintenance of his wife and minor children, the State's case would be made out, but in such case as well as where the charge was the wilful refusal to provide for the support and maintenance of such wife or children, there should be some proof of the ability of the husband to contribute to such support, or of his unwillingness so to do.

Appellant insists that the verdict assessed against him is excessive. The parties were before the jury and the trial court and were seen and heard by them. The case seems somewhat aggravated. Accepting the statement made by the prosecuting witness, appellant at a former time had left his wife and children without support, and the wife had gotten a divorce and had tried to take care of herself and family. She said that in the early part of 1925, appellant, who at the time was without money, clothes, credit, or anything of that kind, came back and wanted to marry her and work and assist in taking care of her and the children. She also said that in the hope he would do this she married him; that during the short time he lived with her and his children, he used her credit, her little stock of goods that she had accumulated for use in the photographic studio, her money, etc., and that when he left her and went to Oklahoma, at the time of the alleged desertion, he left her with an accumulation of bills made by him which she had been struggling to meet from that time to the time of trial. We are unable to say that the verdict of the jury is without support, and the motion for rehearing will be overruled.

*Overruled.*