ROBERT SMITH V. THE STATE.

No. 16918.   Delivered October 10, 1934.
Reported in 75 S. W. (2d) 99.

The opinion states the case.

*R. C. Roland,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for desertion of minor child under sixteen years of age; punishment, six months in the county jail.

Appellant was charged by indictment with deserting and failing and refusing to support and maintain his child under the age of sixteen years, said child being named Robert Wade Smith. Our present statute, article 602, P. C., makes any person guilty of this offense who wilfully deserts or neglects or refuses to provide for the support of his or her child under sixteen years of age. There is now no requirement of allegation or proof that such child be in destitute or necessitous circumstances.

It is in proof that appellant's wife obtained a divorce from him in August 1933, and that in the decree she was given the custody of the child here referred to. The date of the alleged offense is laid as of September, 1933, and as we view the record the facts support the conviction. The mother of the child testified to a separation between herself and appellant in May or June 1933, and to the fact that appellant had contributed nothing to the support of said child since that time, notwithstanding the further fact that appellant ran a restaurant, and worked for the C. W. A. which paid men workers twelve

dollars per week, during the time since such separation; also the further fact that appellant married another woman shortly after the granting of the divorce to her in August. The proof showed that the mother had no property, but that she worked to support herself and the child notwithstanding she had been told by doctors that she was not able to work.

Appellant has four bills of exception. Bill No. 1 complains of the refusal of a motion for a peremptory instruction to acquit, based on the fact that on August 7, 1933, appellant's wife was granted a divorce, and at the same time was given the absolute custody, care and control of said minor child; that this indictment charged appellant with "abandoning" said child on November 17, 1933,—after the grant of the divorce and award of the child to its mother. In Freeman v. State, 103 Texas Crim. Rep., 428, 280 S. W., 1069, we held that proof of divorce and the award of children to the mother, did not absolve the father from his legal duty to care for and support his children of such former marriage; and proof in this case of these facts would forbid the peremptory instruction to acquit here complained of.

Bill of exceptions No. 2 complains of the refusal to let Mrs. Delia Smith, mother of appellant, testify to the contents of a letter written to appellant by his former wife, which letter had been lost or destroyed. While the contents of the letter, if material, may have been made admissible by the predicate laid, —the letter is not set out either in substance or tenor in the bill,—and we are thus wholly unable to say whether the action of the court in rejecting such proof was of any injury to appellant, and must hold the bill to show no such error as would call for reversal.

A similar conclusion must be reached regarding the matter complained of in bill of exceptions No. 3, which sets out certain argument which appellant's attorney was making to the jury, in effect that appellant could not be convicted for abandoning his child on November 17, 1933, because that was after the date of the divorce. The bill states that the trial court stopped appellant's counsel and told him that no power could divest appellant of the custody, care and control of his child. This bill is approved with the qualification that what happened, as well as the remarks of the court, are not correctly stated in the bill. No exception was taken to the qualification, and we must hold the bill to show no reversible error. Bill of exceptions No. 4 complains of the refusal of appellant's motion for new trial generally.

There was an exception to the charge of the court on the ground that paragraph five thereof unduly stressed the fact that appellant offered no testimony "As to the support of said child." We find from the record that in paragraph four of the charge the court charged the jury that proof of the desertion of the child, etc., and neglect or refusal to provide for its support and maintenance would be prima facie evidence that such desertion, neglect or refusal was wilful. This was followed immediately by paragraph five, which is as follows: "The defendant, however, shall have the right to introduce evidence for the purpose of showing that he did not wilfully desert, neglect or refuse to provide for the support and maintenance of his said child."

Some such charge is usually held necessary or at least proper when any statutory presumption is given in the charge, and we are not impressed with the view that same was any invasion of the rights of appellant, or that it stressed the fact that appellant had offered no evidence as to any support on his part of said child.

There was no other exception to the charge, which submitted to the jury appellant's guilt predicated on their belief beyond a reasonable doubt that he did "Wilfully desert his said child * * * and did wilfully neglect and refuse to provide for the support and maintenance of said child." The jury found appellant guilty as charged in the indictment, and fixed his punishment at confinement in the county jail for six months. In sentencing appellant the court stated that appellant had been found guilty of child desertion. Attention is called by our State's attorney to the fact that in Freeman v. State, supra, this court held that following a divorce by whose decree, the care, custody and control of a child is specifically awarded to one spouse, the other can not be held guilty of desertion of such child. However in Ellis v. State, 101 Texas Crim. Rep., 647, upon authority of other cases cited, we held that if the charge against the accused embrace all the ways in which the offense may be committed, the State may rest conviction on proof of either mode. This we think sound, and the State in this case having proved that appellant had neglected and wilfully refused to support or provide for the care and maintenance of the child, may rightfully be said to have made out its case and to be entitled to such verdict as was rendered. The sentence herein will be reformed and made to state that appellant was found guilty of wilful neglect and refusal to provide for the support and maintenance of his child under sixteen years of

age, and his punishment fixed at confinement in the county jail for six month, and that he is accordingly sentenced to such confinement in said jail for the term of not less nor more than six months. As reformed the judgment will be affirmed.

*Reformed and affirmed.*