## C. J. McNally v. The State.

No. 17623. Delivered June 5, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*J. H. Martin* and *Howard Reitzel*, both of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the State penitentiary for a term of 25 years.

The record shows that on the night of May 6, 1934, the appellant and one Bingham went to Roundtree's place of business on Ross Avenue in the city of Dallas where they engaged in playing their guitars and drinking some beer and whisky. The appellant, who had become addicted to the use of intoxicating liquor, had indulged rather freely in the consumption thereof on that evening. About 10 P. M. the deceased came into said place of business, took a seat at the counter and ordered a glass of beer, and while engaged in drinking the beer the appellant, who had theretofore walked out of said place, returned in a very few minutes with a pistol in his hand and ordered all persons to throw up their hands. Every person complied with his command except the deceased. The appellant fired one shot while inside the building and then retreated to the street. Deceased followed him out and when the deceased reached the sidewalk several more shots were fired. Mr. Renecke, an employee at Roundtree's place of business, went to the street and found the deceased lying on the sidewalk suffering from pistol shot wounds, which proved fatal. The appellant had disappeared. The officers were notified and they finally located the appellant and arrested him. The testimony also shows that shortly before the deceased received the fatal wound he had on his person a roll of currency but when he was taken to the hospital and undressed only five dollars were found in the watch pocket of his trousers. The appellant testified in his own behalf, admitting his presence at Roundtree's place of business on the night in question, but contended that he was so highly intoxicated at the time that he could not recall having a pistol or that he shot the pistol or how he got away from there.

The only ground upon which the appellant relies for a reversal of the judgment is the action of the trial court in overruling his motion for new trial based upon newly discovered evidence. His attorneys contended that since the trial they discovered that the appellant was insane at the time of the commission of the offense. Attached to said motion are the affidavits of a number of persons who, at the hearing of the motion, testified to his impaired mental condition due to the excessive use of alcoholic liquors. His attorneys, who were employed soon after the homicide and conferred with him upon several occasions prior to the trial, had not discovered that appellant was abnormal, and it seems that neither his mother, his brothers and his sister, nor Mrs. Bolton or her daughter, had prior to the time of the trial discovered his mind was impaired to such an extent that he was not responsible for his act. It is further

shown by the record that just prior to the trial the appellant's attorneys, the assistant district attorney, and the trial judge were in the judge's private office at which time the court inquired of them as to the appellant's mental condition, whereupon appellant's attorneys said that they would not interpose any plea of insanity. The motion for new trial based on newly discovered evidence was contested by the State.

To entitle one to a new trial upon newly discovered testimony, it must be shown that knowledge of such testimony was brought to the attention of the appellant or his attorneys since the trial; that the failure to discover such testimony prior to the time of trial was not due to the want of diligence and could not have been discovered by the exercise of reasonable diligence. Whether proper diligence was exercised in an effort to discover the alleged new evidence, and whether such evidence is probably true and would likely produce a different result upon another trial, are questions of fact to be solved by the trial court and this court will not disturb the trial court's finding on such fact issues unless it clearly appears from the entire record that he abused his discretion to the injury of appellant. See Cardena v. State, 94 Texas Crim. Rep., 436; Behrens v. State, 99 Texas Crim. Rep., 56, 268 S. W., 172; Wheeler v. State, 34 S. W., 942; Sellers v. State, 61 Texas Crim. Rep., 140, 134 S. W., 348; Bobo v. State, 90 Texas Crim. Rep., 397, 235 S. W., 878; McDonald v. State, 179 S. W., 880; Burkhart v. State, 74 S. W. (2d) 692.

It is our opinion that the appellant failed to use diligence to discover the alleged new testimony. The record shows that the appellant's attorneys conferred with him on several occasions prior to the time of trial, which took place in November, 1934, some 7 months after the alleged homicide; that he had two brothers and a sister and a mother; that his sister and his brother testified in his behalf; that Mrs. Bolton and her daughter were present during the trial, but no one seems to have considered the appellant's mind to be impaired to the extent that it might present an excuse or extenuate his offense. It further appears from the record that appellant's attorneys' attention was directed to his mental condition in the judge's private office prior to going to trial but they did not seem to take the suggestion seriously nor did they at that time make any effort to investigate his mental condition or to discover any evidence that might throw any light upon his alleged impaired mental condition. We are therefore, under the rule announced in the above cited cases, constrained to hold that it does not appear from the record before us that the trial court in over-

ruling the motion for new trial abused his discretion to the injury of the appellant.

The judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have gone over the motion for rehearing very carefully and are not impressed that our former opinion was wrong. Appellant had the same attorney from the time of his arrest in May till his trial in November following. He had lived in Dallas many years, and his family lived there. They were present at his trial, as were a number of people who now join his family in an effort to get this case reversed for the refusal of a motion for new trial sought because of newly discovered evidence, consisting of affidavits expressing opinions of members of his family and some of his friends who live in Dallas, that for a number of years his mind had been unsound. It was shown,—as set out in our original opinion,—that the matter of defense on the ground of insanity was suggested and discussed with appellant's attorney before the case went to trial. All of his family were present at the trial, as well as friends whose affidavits are now advanced in support of the proposition of newly discovered evidence. It does not appeal to us that this is the kind of situation or that these facts manifest any abuse of the discretion of the trial court, who heard the witnesses and knew the facts, in overruling the motion for new trial.

The motion for rehearing is overruled.

*Overruled.*