## ARCH LEE WATSON v. THE STATE.

No. 18201.   Delivered May 27, 1936.
Rehearing Denied June 24, 1936.

The opinion states the case.

*Richardson & Lanier,* of Jasper, and *J. B. Forse* and *E. A. Lindsey,* both of Newton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is wife desertion; the punishment, confinement in the penitentiary for two years.

Appellant married Mary May Marshall on the 17th of March, 1935. He had theretofore had sexual relations with her and she was pregnant at the time of the marriage. Immediately after the marriage appellant left his wife and failed to contribute anything to her support. According to the testimony of the State, he was earning approximately thirty dollars a week and was able to support her. She was in necessitous circumstances, was unable to work and her parents were not financially able to support her.

Appellant testified that he married his wife because some of her relatives had stated to him that if he did not marry her they would take action. He testified also that he learned after the marriage that her general reputation for virtue and chastity was bad. However, he admitted that at the time he married her he had no intention of living with her. Also, he admitted that he had earned from thirty to sixty dollars a month and that he had not contributed anything toward her support.

We deem the evidence sufficient to support the conviction.

Appellant sought to have the jury instructed to acquit him if they entertained a reasonable doubt as to whether he learned after the marriage that the general reputation of his wife for virtue and chastity was bad. He cites no case supporting his

contention that mere bad general reputation for virtue and chastity of the wife justifies the husband in deserting her. Under the facts reflected by the record we deem it unnecessary to decide whether the requested instruction embodied a correct legal proposition. It is reflected by the statement of facts that appellant had already abandoned his wife when he claimed he heard that her reputation was bad. Referring to the reports he had heard, he said: "I never heard anything of that until I had left her. I had already carried her out to Walter Kelly's when I heard those reports. I went back to see her about the second of April to have a final understanding with her. * * * That final understanding was that I did not love her. I told her that the day before. I told her that again, to repeat." Again, appellant testified: "It is all so that I married this girl to escape prosecution with no good intention to live with her and carry it out." We think the requested charge was properly refused.

In his argument to the jury the district attorney said: "This defendant took this poor little innocent girl out on the Magnolia Springs road at night and assaulted her." The bill recites that the argument was objected to because there was nothing in the record to indicate that an assault was committed. We find nothing in said bill to support the ground of objection. We quote from 4 Tex. Jur., 391: "Nor is it sufficient to merely state the grounds of objection to the argument; the bill must demonstrate that the facts which form the basis of the objection are true." In support of the text many authorities are cited, among them being Woolston v. State, 13 S. W. (2d) 864. We are constrained to hold that the bill is insufficient to reflect error.

The sentence pronounced against appellant directs that he be confined in the peniteniary for two years. The statute provides a maximum penalty of two years' confinement in the penitentiary, but fixes no minimum penalty. The sentence is reformed in order that it may be shown that appellant shall be confined in the penitentiary for not less than one hour nor more than two years. See Davis v. State, 68 S. W. (2d) 217.

As reformed, the judgment is affirmed.

*Sentence reformed, and, as reformed, affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant cites Trial v. State, 84 Texas Crim. Rep., 16, as supporting his claim of injury from refusal of his special charge, in effect, that he should be acquitted if the jury believed that he married prosecutrix, believing her general reputation for virtue and chastity to be good, and learned after such marriage that it was bad. We do not find such support in the case cited, which was decided when the language of the wife desertion law was altogether different from the way same is on the statute books at this time; and upon the different verbiage then in the statute the opinion in question was based.

Nor can we agree that said special charge contained a correct legal proposition, nor one in which in any event would be called for under the facts of this case.

Appellant testified that on the first occasion of his meeting his wife she was sitting near him at Trout Creek school house; he had never met her or been introduced to her, but asked her if she knew about this building. She replied that she had gone to school there, and he said he had a friend who had some whisky in the stage room, and he wanted to go there and get a drink. She said she would show him, and went with him, and on this occasion he kissed and embraced her, and asked her some questions. Shortly after that he said they went to a party, and separated from the rest of the folks and had intercourse. In March following he married her. A week later he said he heard reports about her and a man. He went to see her and told her he could not live with her. He testified: "I quit her because of those reports; because I did not love her, and I wanted to get a divorce."

We do not think a husband may withdraw his support from his wife who is in necessitous circumstances simply because he has heard evil reports of her. He would seem under some duty of investigation, and certainly should be fortified by more than a rumor. The facts before us afford ample support for the conclusion arrived at by the jury.

The motion for rehearing is overruled.

*Overruled.*