NOLEN TAYLOR v. THE STATE.

No. 19132.   Delivered November 24, 1937.

The opinion states the case.

*C. A. Miles, Jr.*, and *E. B. Pickett, Jr.*, both of Liberty, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The record shows that on the night of January 25, 1936, some person or persons entered the store of P. H. Michael and took therefrom some flour and sugar, carried it to near Wright's Warehouse, and covered it with men's coats. Soon after the burglary was committed, the officers were notified, and in their search discovered three persons running from the place where the flour and sugar was found covered up. The coats found were identified as belonging to the appellant, Winters, and Weldon. Appellant, when arrested, admitted that he and the other two parties comitted the burglary, but upon his trial, he testified that he admitted his participation in the offense because he was whipped by the officers. He testified, however, that he heard the officers testify as to what he told them at the time of his arrest; that what they said he told them was true in a broad way. No complaint is made of the admission of appellant's confession while under arrest. He did not seriously contend that he was not in possession of the stolen property. His main desire and purpose was to obtain a suspended sentence at the hands of the jury. The only question presented for review relates to alleged newly discovered evidence, which he raised by motion for a new trial. An inspection of his motion discloses that he does not contend that he did not know of the existence of the testimony claimed by him to be newly discovered, nor does he make any allegation that he learned of the existence of the alleged newly discovered evidence for the first time since the trial. He merely alleges that the witnesses were not before the court, because he was confined in jail, and they could not have been summoned. Consequently, the motion for a new trial fails to meet the requirements of the law. See McNally v. State, 83 S. W. (2d) 972.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.