BEN WARD JR., V. THE STATE.

No. 19895. Delivered December 14, 1938.
Rehearing Denied March 1, 1939.

The opinion states the case.

*Grady Sturgeon,* of Paris, and *Grady Hudson,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for the offense of wife desertion. Punishment is assessed at confinement in the state penitentiary for two years.

It appears from the record that on the 30th day of October, 1937, appellant and Mavis Chesshire, a girl of 16 years of age, were legally married. Appellant and prosecutrix were reared in the same community and prior to their marriage, he had been paying her much attention by carrying her to parties on several occasions. On the day following the marriage, he left her and went to Oklahoma without telling her where he was going or when he expected to return. He never thereafter communicated with her or contributed to her support.

Appellant testified in his own behalf, and stated among other things that "I had already made up my mind that I didn't aim to live with her and haven't offered to do one thing for her since we married and I don't think I am going to. I sure don't feel under any obligation at all to support her. * * * I have no physical disability. I am able to work."

He further testified that it was understood that if he married her he would not have to live with her. Appellant knew at the time he left her that she was without means of support and that her condition was such that she needed his assistance.

His first complaint is that the court erred in overruling his application for a continuance based on the absence of Bill Forrester by whom he expected to prove that the witness and Jesse Morris had both been intimate with prosecutrix prior to her marriage to appellant; that Morris was engaged to be married to her.

We do not think the court erred in overruling the application for a continuance. The court qualified the bill and in his qualification sets out the affidavit of the absent witness, which is a denial of every fact which appellant expected to prove by him. The bill, as thus qualified, fails to reflect error. Even if the matter were true, appellant knew it before he entered into the marriage contract. Consequently he condoned her misguided acts and is liable to prosecution for his delinquency until the marriage is dissolved by a judicial decree.

Bills of exceptions numbers two to six, inclusive, and eight, nine, twelve and thirteen are without merit and we see no need to discuss them.

Bill of exception number ten complains of the action of the court in declining to permit the appellant, while testifying in his own behalf, to state that prior to his marriage to prosecutrix, she associated with and accepted the company of Jesse Morris. It occurrs to us that the proferred testimony was immaterial; it raised no defensive issue.

By bill number eleven, appellant complains because the court declined to submit to the jury his special requested instruction. This issue was fully and adequately submitted to the jury by the court in his main charge.

By bill number fourteen, appellant complains of the action of the court in overruling his amended motion for a new trial based on newly discovered evidence. It appears that the claimed newly discovered evidence was available and that no diligence was used by appellant to secure the testimony. Consequently the bill is overruled.

All other matters raised by appellant have been considered by the court and are deemed to be witout merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's contention that the evidence fails to show ability on his part to contribute to his wife's support is sufficiently disposed of by the opinion on rehearing in Ellis v. State, 101 Tex. Cr. R. 647, 276 S. W. 703.

The other questions urged in his motion for rehearing we think were properly disposed of originally.

It is called to our attention that in sentencing appellant the trial court overlooked giving application to the indeterminate sentence law. One of the alternative punishments fixed by statute (Art. 602 P. C.) to the offense of which appellant was convicted is not more than two years in the penitentiary, but fixes no minimum punishment in the penitentiary. Under authority of Watson v. State, 131 Tex. Cr. R. 44, 95 S. W. (2d) 414 and Davis v. State, 125 Tex. Cr. R. 330, 68 S. W. (2d) 217, the sentence here will be reformed to direct that appellant be confined in the penitentiary for not less than one hour nor more than two years.

The motion for rehearing in all other respects is overruled.