## O. D. LATHAM V. THE STATE.

No. 21399. Delivered January 29, 1941.

Rehearing Granted February 19, 1941.

No attorney of record on appeal for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

It was charged by indictment that appellant while intoxicated drove a motor vehicle upon a public highway. Appellant waived a jury and under the formalities required by statute (Art. 10a and 11, Vernon's Tex. C. C. P., Vol. 1) entered his plea of guilty before the court.

The record is before this court without bills of exception or statement of facts. However, our attention is directed to the judgment and sentence which present an anomalous situation.

The court found appellant guilty as charged and decreed that he be punished by confinement in the penitentiary for a "term of not less than one month nor more than one year." When he pronounced sentence the court ordered that appellant be confined in the penitentiary for "one year." It will be readily seen that the judgment and sentence are not in conformity, and we have no data upon which a reformation of the judgment or sentence can be based.

By Art. 802 P. C. one of the punishments permitted for the

"drunk driving" of an automobile upon the highways is confinement in the penitentiary "for not more than two (2) years," no minimum time being specified. If the trial court was attempting in the judgment to give effect to the indeterminate sentence law Art. 775 C. C. P. then we observe two things wrong with it. (a) The punishment fixed in the judgment should be as a definite fixed period usually as named in the verdict of the jury, but in the absence of a verdict as fixed by the court. The provisions of the indeterminate sentence law should find expression in the sentence.

If the Court intended to fix appellant's punishment at one year in the penitentiary, there being no minimum penitentiary time fixed by Art. 802 P. C.,—the indeterminate *sentence* should be for not less than *one hour* nor more than one year in the penitentiary. See Davis v. State, 125 Texas Cr. R. 330, 68 S. W. (2d) 217; Watson v. State, 131 Texas Cr. R. 44, 95 S. W. (2d) 414; Ward v. State, 136 Texas Cr. R. 369, 125 S. W. (2d) 290; Martinez v. State, 137 Texas Cr. R. 434, 128 S. W. (2d) 398. The sentence in the present case may not be reformed to so read because in conflict with the specific minimum time fixed in the judgment as "thirty days."

There does not occur to us any way by which we may reform the judgment and sentence under the circumstances here present.

The record seems to demand a reversal, and it is so ordered, and the cause is remanded.

ON MOTION FOR REHEARING.

GRAVES, Judge.

This cause has been heretofore reversed because of a defective record in that the sentence and judgment were not in correspondence, and did not conform to the law nor with each other.

We now find from the State's motion for a rehearing that the judgment actually entered, and a certified copy of which is properly presented to us, was for a period of one year's confinement in the penitentiary. Under such a judgment this sentence can be reformed.

The State's motion for a rehearing is granted, the judgment of reversal is set aside, and this sentence is reformed so as to provide for a sentence of confinement in the State penitentiary

for not less than one hour nor more than one year. See authorities cited in original opinion.

As thus reformed, this judgment is therefore affirmed.