## HENRY TREES V. THE STATE.

No. 21595.   Delivered May 21, 1941.
Rehearing Denied June 25, 1941.

328

The opinion states the case.

*G. C. Jackson* and *John T. Spann*, both of Crystal City, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the district court of Real County on a charge of child desertion and assessed a penalty of six months in jail and a fine of $500.00.

It is revealed by the record that appellant and his wife were married on May 4, 1940, in Real County and that they went immediately to Zavala County where they lived as husband and wife for nearly three months. On July 26 she returned to Real County to visit her mother after he reluctantly agreed and promised to come for her. Instead, she received a letter about five days later informing her that he was leaving for parts unknown, and suggesting that she come to get her things, which she did. He signed the letter, "Your former hus-

band." From that time she continued to reside with her parents in Real County. On September 23 the child in question was born in a hospital in Uvalde County, but was returned immediately to Real County where it continued to reside with its mother and grandparents.

The question presented in this case is one of jurisdiction. Article 603 of the Penal Code fixing jurisdiction in such cases reads as follows:

"An offense under this chapter shall be held to have been committed in the county in which such wife, child or children may have been at the time such abandonment occurred, or in the county in which such wife, child or children shall have resided for six months preceding the filing of the indictment or information."

It appears that if the father had abandoned the child in Real County he may be prosecuted there regardless of the length of time since the abandonment. However, on the question of residence in a county other than the one where the abandonment took place, a period of six months residence is required in order to give the court of such county jurisdiction. Neither the mother nor the child had so resided six months at the time the indictment was returned, the child being less than three months old.

It is apparently the position of the State that the letter in evidence constitutes an abandonment of the mother in Real County at the time it was written on about the 31st day of July and that thereby the jurisdiction was given to the district court of said couny. If he were being prosecuted for the abandonment of his wife and his failure to support her, we would have a different question for consideration, but we find in the evidence a complete abandonment of the mother before the child was a person in being and no act relative to it is shown thereafter. Abandonment in the county cannot be relied upon to give the court jurisdiction in this prosecution, and the six months period required had not matured. Consequently, we have concluded that the court was without jurisdiction at the time the indictment was returned.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

330

HAWKINS, Presiding Judge.

In his motion for rehearing attention is called to the fact that in submitting the case to the jury the trial court made appellant's guilt depend not upon "desertion" of his child, but upon his neglect and refusal to support said child. Under such circumstances it is suggested that the general venue statute (Art. 211 C. C. P.) will control, and not Art. 603 P. C., which is set out in the original opinion. Art 211 C. C. P. reads as follows:

"If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed."

The present prosecution is under Art. 602 P. C. As amended, Acts 1931, 42d Leg., p. 479, said article provides:

"Any husband who shall willfully desert, neglect, or refuse to provide for the support and maintenance of his wife who may be in necessitous circumstances, or any parent who shall willfully desert, neglect or refuse to provide for the support and maintenance of his or her child or children under sixteen years of age, shall be confined in the penitentiary for not more that two years, or be confined in jail for not more than six months or fined not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars, or be punished by both such fine and imprisonment in jail."

We have held in Smith v. State, 127 Tex. Cr. R. 59, 75 S. W. (2d) 99; Ellis v. State, 101 Tex. Cr. R. 647, 276 S. W. 703; Bobo v. State, 90 Tex. Cr. R. 397, 235 S. W. 878; O'Brien v. State, 90 Tex. Cr. R. 276, 234 S. W. 668, that under Art. 602 P. C. a husband or father might be prosecuted for neglect and failure to support in the absence of an actual desertion, and upon such holding the State predicates its contention that Art. 211 C. C. P. (supra) on venue is applicable here, construing Art. 603 P. C. to relate to prosecutions for desertion and not to prosecutions for neglect and failure to support.

It is our understanding that a special venue provision will control over a general venue statute. It is observed that Art. 602 P. C. is in Chapter 3. Immediately following is Art. 603 P. C. which is in the same Chapter 3, and reads:

"An offense *under this chapter* shall be held to have been committed * * *"—(see original opinion for said article in full). There can be no question that whether the prosecution be for "desertion" or for "neglect and failure to support," it is in either event predicated on the provisions of Chapter 3. Hence we are forced to the conclusion that the special provision of Art. 603 P. C. is alone applicable here, and that under the plain terms thereof the present prosecution was prematurely instituted. It may be that the Legislature in enacting said statute did not foresee a state of facts as is here present, but the statute is nevertheless controlling.

The State's motion for rehearing is overruled.