

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 26, 1974

The Honorable J. W. Hughes
McCulloch County Attorney
P. O. Box 108
Brady, Texas 76825

Opinion No. H- 243

Re: The proper forum for
prosecutions under the Texas
Water Safety Act.

Dear Mr. Hughes:

You have asked whether prosecutions for violations of the Texas Water Safety Act, Article 9206, Vernon's Texas Civil Statutes, may be filed in municipal court if the alleged violation occurred within the city limits.

Most offenses under the Texas Water Safety Act are punishable by a fine of two hundred dollars or less. See § 24 of the Act. These offenses are within the jurisdiction of the justice courts. Article 5, § 19, Texas Constititution; Article 4.11, Vernon's Texas Code of Criminal Procedure. If the offense is committed within the territorial limits of a city, town or village the municipal court normally has concurrent jurisdiction with the justice court. Article 1195, Vernon's Texas Civil Statutes; Article 4.14, Vernon's Texas Code of Criminal Procedure. However, the Texas Water Safety Act, supra, at § 25(e) provides:

> "(e) Venue for any alleged violation or offense under the terms and provisions of this Act shall be in the justice court or county court having jurisdiction where such alleged violation or offense shall have been committed. For any offense under this Act there shall be a presumption that such offense was committed in the justice precinct and county wherein the dam containing such body of water is located." (emphasis added).

As applied to criminal cases, venue means the place in which prosecutions are to begin; jurisdiction refers to the power of the court to hear and determine the case. The terms are not synonymous. Martin v. State, 385 S. W. 2d 260

The Honorable J. W. Hughes, page 2    (H-243)


(Tex. Crim. 1964); Williams v. State, 170 S.W. 2d 482 (Tex. Crim. 1943). When there is a specific venue provision, it prevails over a general venue statute. Trees v. State, 152 S.W. 2d 361 (Tex. Crim. 1941).

While the specific venue provisions of section 25 (e) do not divest the municipal court of jurisdiction of offenses under the Act committed within the territorial limits of the city and punishable only by a fine which does not exceed two hundred dollars, venue is in the justice or county court only. Therefore, any prosecutions under the Act should be brought in the appropriate justice or county court.

## SUMMARY

Venue in prosecutions under the Texas Water Safety Act rests exclusively in the appropriate justice or county court even though in some cases a municipal court may have concurrent subject matter jurisdiction.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee