**Vincent Lassana GOKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0806–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 1, 1983.

Rehearing Denied Sept. 22, 1983.

Randy Schaffer, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before WARREN, DOYLE and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

After finding appellant guilty of rape, a jury assessed his punishment at twenty years confinement and a fine of $10,000.

In two grounds of error, appellant urges that the State's failure to offer any evidence of one of the two alleged means of committing rape (1) constituted a fatal variance between pleading and proof, and (2) authorized the jury to convict him on a theory not supported by the evidence.

Texas Penal Code Ann. § 21.02 (Vernon Supp.1983) provides:

(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

(b) The intercourse is without the female's consent under one or more of the following circumstances:

.     .     .     .     .

(3) she has not consented and he knows she is unconscious *or* physically unable to resist [emphasis added].

The indictment drawn under this section alleged in pertinent part that appellant unlawfully had sexual intercourse with the complainant without her consent, "knowing the complainant was unconscious *and* physically unable to resist" [emphasis added].

In applying the law to the facts in the charge, the court authorized conviction if the jury found that appellant had sexual intercourse with the complainant without her consent, knowing she was "unconscious *or* physically unable to resist" (emphasis added).

It is undisputed that the complaining witness was conscious during the event; appellant concedes that the evidence is sufficient to show that the complainant was "physically unable to resist."

■ In arguing his claim of fatal variance between the indictment and proof, as his first ground of error, appellant relies on *Doty v. State,* 585 S.W.2d 726 (Tex.Cr.App. 1979). Such reliance is misplaced. In *Doty,* the court determined that only one valid means of committing an element of the offense in question was alleged, and no proof supported the allegation. Unquestionably, a fatal variance between pleading and proof existed in that situation. In the case before us, the indictment conjunctively pleaded both statutory means of commis-

sion of rape set out in § 21.02(b)(3), *supra,* and proof of either means would support conviction. *Smith v. State,* 127 Tex.Cr.R. 59, 75 S.W.2d 99, 100 (1934). Sufficient proof supported one of the alleged means. There being consistency between an allegation in the indictment and the evidence, no variance existed. Appellant's first ground of error is overruled.

Appellant's second ground of error claims that the jury charge improperly permitted conviction on a theory not supported by the evidence, i.e., that appellant had sexual intercourse with the complainant without her consent, *knowing that she was unconscious.*

■ A conviction for an offense cannot stand unless (1) the charge authorized the jury to find a defendant guilty only for conduct constituting that offense, (2) the indictment alleged such conduct, and (3) the evidence at trial showed such conduct. *Morter v. State,* 551 S.W.2d 715, 718 (Tex. Cr.App.1977); *Dowden v. State,* 537 S.W.2d 5, 6 (Tex.Cr.App.1976). The evidence was uncontroverted that the complainant was conscious at the time of the offense, thereby negating one of the two theories alleged, although she was, consistent with the alternate theory, "physically unable to resist." Appellant urges that the return of a general verdict of guilty made it impossible to determine which of the two theories of rape the jury relied upon, and that since one theory was inadequately supported by evidence, the conviction must be reversed.

■ The State points to cases upholding guilty verdicts where the charge included submission in the alternative as to the instrumentality used in the crime, *Papes v. State,* 494 S.W.2d 910, 912 (Tex.Cr.App. 1973) (knife or scissors); the culpable mental state establishing criminal responsibility, *Cowan v. State,* 562 S.W.2d 236, 240 (Tex. Cr.App.1978) ("intentionally or knowingly" [commit the offense of aggravated rape] ); and the criminal act or conduct, *Vaughn v. State,* 634 S.W.2d 310, 312 (Tex.Cr.App. 1982) ("threaten or place the complainant in fear of imminent bodily injury"). In those cases, however, either the evidence was

found sufficient to support conviction under each of the disjunctively alleged elements, *Papes* and *Cowan;* or no objection was raised that one theory was not proved, *Papes* and *Vaughn.* Submission of a theory not supported by evidence is error, but not reversible error where no objection is made and no harm shown. As stated in *Wells v. State,* 634 S.W.2d 868 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd.):

> The appellant urges that since there was no evidence to support the fact that the appellant was acting alone, that the trial court erred when it allowed the jury to convict the appellant as "acting alone or together as a party". The Texas Court of Criminal Appeals has addressed this contention in *Savant v. State,* 544 S.W.2d 408 (Tex.Cr.App.1976), and in *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1978). The court, in both cases, held that even though the evidence did not support a conviction on a theory that the defendant was acting alone, where no timely objection is made then fundamental error did not exist. The issue, then, is whether appellant properly objected to the charge. . . .

634 S.W.2d at 871.

■ Appellant did not object to the charge on the ground that there was no evidence that he knew the complainant was unconscious. He did object that the indictment states the complainant was "unconscious and physically unable to resist," while the charge reads "unconscious or physically unable to resist." The court correctly overruled this objection, because it is not error for the State to plead two theories conjunctively and for the court to charge in the disjunctive. *Cowan, supra; Vaughn, supra.*

The appellant's counsel did request an instructed verdict on the ground that there was fundamental variance between the indictment and the evidence caused by the inclusion of the word "unconscious" in the indictment. However, nowhere in the record is there objection to the charge based on the complaint now raised on appeal, as required by article 36.14 of the Texas Code of Criminal Procedure. (Vernon Supp. 1983). Therefore, any error created by submitting the alternative that appellant knew the complainant was unconscious is not reversible unless it was calculated to injure appellant's rights or denied him a fair trial. Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981).

The offense for which appellant was tried may be committed by the defendant knowing that victim is either unconscious or physically unable to resist. Tex.Penal Code Ann. § 21.02(b)(3) (Vernon Supp.1983). The trial court charged the jury in the language of the statute, substituting the word "or" for the word "and" in the indictment. Under the statute, proof of appellant's knowledge of either fact about the victim's condition would sustain the conviction. *Vaughn, supra; Cowan, supra.*

■ The evidence abundantly shows that the appellant, a male nurse at a major hospital in Houston, came into the 17-year-old complainant's hospital room in the early morning hours of August 2, 1980; that the complainant, his patient, was unable, as a consequence of an automobile accident, to sit up in bed or care for herself; that she could not speak and could communicate only by turning her thumb up or down to signify "yes" or "no"; and that the appellant was in the act of sexual intercourse with the complainant without her consent when he was interrupted by another nurse. Appellant himself testified that he catherized the patient every four hours and dressed her wounds, and he volunteered from the witness stand that she was "a very, very critical patient." Clearly, appellant knew the victim was helpless to resist. He never claimed that the complainant consented to sexual intercourse, but denied the occurrence of the offense.

In view of the evidence, the jury could not have been misled by the charge so as to believe appellant thought the girl was unconscious. No harm resulted from submission of the defective charge. Appellant's second ground of error is overruled.

The conviction is affirmed.